UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIE BURKS, as Personal Representative of
RICKY MILLS, deceased, and JACK MILLS

               Plaintiff               CASE NO.: 6:08-CV-1568-ORL-28GJK

vs.

KEVIN BEARY, as SHERIFF of ORANGE COUNTY
FLORIDA, DEPUTY SHERIFF CHESTER PARKER
And DEPUTY SHERIFF BRIAN FIGUEROA

               Defendants
_____/

## AMENDED COMPLAINT

COMES NOW the Plaintiffs, MARIE BURKS, as Personal Representative of RICKY MILLS, deceased, and JACK MILLS, and hereby sue Defendants, KEVIN BEARY, as SHERIFF of ORANGE COUNTY FLORIDA, CHESTER PARKER, individually, BRIAN FIGUEROA, individually, and alleges as follows:

1.     This is an action for deprivation and violation of civil rights guaranteed by the United States Constitution pursuant to 42 U.S.C. §1983. The amount in controversy exceeds the jurisdictional limits of the Court, exclusive of interest, costs and attorneys fees

2.     Venue and jurisdiction are proper in this Court because all the wrongful acts complained of occurred within this judicial district Orange County and because some of these claims are being brought under 42 U.S.C. §1983.

3.     Prior to the filing of this Complaint, all of the above-named Defendants have been served notice of this claim pursuant to Florida Statute, Chapter 768.28, via Certified Mail, Return Receipt Requested.

4.     That at all times the Plaintiff, RICKY MILLS, resided in Orange County, Florida.

5.      MARIE BURKS is a resident of Orange County, Florida.  Marie Burks is or will be appointed Personal Representative of the Estate of Ricky Mills, deceased.   (Hereinafter referred to as "BURKS").

6.      That the statutory survivors of RICKY MILLS, deceased, are as follows:

   a.      The Estate of RICKY MILLS, deceased;

   b.      Antonio Tace, surviving brother of RICKY MILLS, deceased;

   c.      Jonathan Tace, surviving brother of RICKY MILLS, deceased; and

   d.      Allen Tace, surviving brother of RICKY MILLS, deceased.

7.      That at all times the Plaintiff, JACK MILLS, resided in Orange County, Florida.

8.      Defendant, KEVIN BEARY is a resident of Orange County, Florida and is sui juris.  At times material Defendant, Kevin Beary, was employed by Orange County Florida, as Sheriff's and head of Orange County Sheriff's Department.  Kevin Beary is sued herein in his official capacity.  (Hereinafter referred to as "BEARY").

9.      Defendant, CHESTER PARKER, is a resident of Orange County, Florida is sui juris. At all times material hereto Defendant, Chester Parker, was employed by Orange County Sheriff's Department.   Defendant, Chester Parker is used herein in his individual capacity. (Hereinafter referred to as "PARKER").

10.      Defendant, BRIAN FIGUEROA, is a resident of Orange County, Florida and is sui juris.  At all times material hereto Defendant, BRIAN Figueroa, was employed by Orange County, as a deputy sheriff with the Orange County Sheriff's Department.  Defendant, BRIAN Figueroa is sued herein in his individual capacity.  (Hereinafter referred to as "FIGUEROA").

11.      At all times material herein, Defendant BEARY, Sheriff or ORANGE COUNTY FLORIDA was working within the geographic limits of ORANGE COUNTY, including

Defendants, PARKER and FIGUEROA, were acting as employees and/or agents in the course and scope of their employment and/or agency with the Orange County.

## GENERAL ALLEGATIONS

12.     On or about June 14, 2005 deputies went to the residence of 4549 Conley Street where Plaintiff RICKY MILLS was currently residing in a group boarding home.  RICKY MILLS, deceased a known schizophrenic was at approximately 11:00 p.m., tasered, shot four times unnecessarily and killed by Defendants.

13.     While RICKY MILLS, deceased, was being treated for schizophrenic disorder, and there was no reason for Defendants to use unwarranted force in gaining possession of RICKY MILLS as he was unarmed.

14.     That Defendants, PARKER and FIGUEROA arrived at the boarding home where MILLS deceased was residing after receiving a dispatch call.

15.     That Defendant, PARKER shot RICKY MILLS four (4) times in various parts of his body ranging from his stomach to the back of the head, killing him.

16.     That Defendant, FIGUEROA also fired four (4) shots at MILLS to various parts of his body including his stomach and the back of the head, killing him.

17.     That RICKY MILLS, deceased was unarmed and posed no immediate threat to the sheriff officers, PARKER and/or FIGUEROA.

18.     That is the process of shooting RICKY MILLS, PARKER and/or FIGUEROA also shot JACK MILLS in the foot, causing bodily injury.

19.     That Plaintiffs timely furnished Notice of Claim as required by Florida Statute §768.28(6)(a) to, *inter alia*, KEVIN BEARY as Sheriff for Orange County Sheriff's Department, and the Department of Financial Responsibility. Additionally, Plaintiffs have complied with all

statutory conditions precedent prior to filing the Complaint.

## COUNT I CLAIM AGAINST DEFENDANT
## KEVIN BEARY
## UNDER 42. U.S.C §1983

20.     Plaintiffs adopts and realleges Paragraphs 1 through 19 as fully set forth herein, and further alleges as follows:

21.     This claim is brought pursuant to 42 U.S.C. §1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution.

22.     BEARY, Sheriff of Orange County's Department is employed through a municipal corporation and political subdivision of the State of Florida which employs sheriff officers, including Defendants, PARKER and FIGUEROA.  BEARY, Sheriff of Orange County Sheriff's Department is a person within the meaning of 42 U.S.C. §1983.

23.     BEARY, was at all times, responsible for the policies, procedures, customs and/or practices implemented and utilized, including the supervision, training, discipline, conduct and control over law enforcement officers, including Defendants, PARKER and FIGUEROA

24.     At all times material herein, BEARY, through its final policymakers in charge of law enforcement officers, engaged as a matter of policy or custom in inadequate screening, training and supervision of its police officers with deliberate indifference to the rights of the County's inhabitants with whom the police come into contact, including, RICKY MILLS, deceased, and deliberate indifference to the need for better screening, training and supervision and with knowledge that, as a result of the inadequacies of screening, training and supervision, it was highly predictable that police officers, including officers engaged in the performance of use of taser guns, when to engage in use of excessive force and/or unlawful use of deadly force while on patrol as occurred with the shooting of Plaintiffs herein.

25.     The actions of the Defendant, acting under the color of state law, deprived the Plaintiff, RICKY MILLS, deceased, of his rights, privileges and immunities under the laws and Constitution of the United States, including but not limited to the right to be secure in his person and property, to be free from unreasonable seizure, to be free from the excessive use of force, and the right to remain free from deprivation of life and liberty without due process of law.

26.     By its actions as set forth herein, BEARY has deprived the Plaintiff, RICKY MILLS, of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983.

27.     As a direct and proximate result of Defendant's actions, the Plaintiff, RICKY MILLS,  was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of Florida, and sustained severe injuries

28.     At all times material to this action, Defendant, BEARY, had policies, customs, practices and/or procedures that were the direct and proximate cause of the unconstitutional use of excessive and deadly force against the Plaintiff, RICKY MILLS, deceased.

29.     The above mentioned policies, customs, practices and/or procedures included, but are not limited to, the following:

a.     failing to properly train and supervise sheriff officers utilized to perform duties in appropriate and lawful methods of law enforcement, including but not limited to the use of deadly force;

b.     permitting sheriff officers utilized to perform duties to cover-up the use of excessive force and civil rights violations by false testimony and/or reports and/or internal affairs statements and/or by failure to report the use of

excessive force by law enforcement;

c.      failing to provide proper psychological and/or psychiatric testing and/or treatment for deputies utilized to determine which officers were prone to use excessive force so that officers who are a potential risk could be dismissed or transferred to an area or position which would not subject citizens to excessive force and civil rights violations;

d.      initiating and/or maintaining a policy, custom and/or practice to train deputies utilized to perform duties, either explicitly or implicitly, to carry out their duties in a manner which would not subject citizens to excessive force and civil rights violations;

e.      failing to take remedial action after prior excessive force incidents involving deputies utilized to perform duties;

f.      failing to properly train officers on the use of taser guns; the appropriate number of times to be used during one encounter, the location of the body to be used, when the use of a firearm and taser is warranted;

g.      failing to select or hire deputy sheriffs who would carry out their duties without using excessive force, or engaging in other actions in violation of the constitutional rights of persons arrested or detained by them;

h.      by deliberately failing to obtain and/or utilize available means and equipment known to act as effective means of supervising sheriff officers on duty and of deterring such officers from engaging in the use of excessive force, unreasonable seizures, and other violations of constitutional rights while in the course of their activities; and

i.      providing inadequate investigation and punishment of deputy sheriffs who

exercise excessive violence in carrying out their duties.

30.     BEARY, has failed and has a history of failing, to take reasonable measures to

hire and provide sheriff officers with adequate training in the appropriate use of force, including

deadly force, and to provide for adequate appropriate investigation and punishment of its

officers' unwarranted and unlawful use of deadly force, said actions and inactions constitutes a

breach of its duties to hire and train qualified officers for appropriate use of taser guns, establish

departmental procedures and methods to enforce protection of constitutional rights, and correct

misconduct of its officers of which it had actual or constructive notice. Prior to the shooting of

MILLS, deceased sued upon herein, this conduct of the BEARY had become a custom, pattern,

practice, procedure, decision, and/or policy of failing to prevent, and thereafter minimizing the

consequences of, police misconduct, undertaken with deliberate indifference to the risk it created

that BEARY's, officers would use excessive force in the performance of their duties, and

resulted in directly and proximately causing the violations of the constitutional rights of Plaintiff,

MILLS, deceased herein that led to his fatality when shot four times.

31.     BEARY, also ratified the violations of the Plaintiff's constitutional rights as

described herein by approving the decisions and the basis of the decisions of the sheriff officers

involved in the dispatch call and the use of excessive force described herein.

32.     The actions of BEARY, deprived the Plaintiff, RICKY MILLS, deceased of his

constitutional rights, as guaranteed by the Constitution of the United States and protected by 42

U.S.C. §1983, and specifically deprived him of constitutionally guaranteed rights that included

the following:

a.      the right not to be deprived of his life and liberty without due process and

equal protection of laws;

b.    the right and privilege to be free from unlawful attack upon the physical integrity of his person;

c.    the right to be free from unreasonable seizure of his person; and

d.    the right to be immune from the use of excessive force by any person, including deputies utilized to perform proper use of taser guns and appropriate time to use deadly force, while acting under color of law and exercising the authority of Sheriff of Orange County, and the State of Florida.

33.    BEARY has with deliberate indifference, adopted, implemented and/or executed the above policies and/or practices and/or procedures and/or customs which were directly responsible for deprivation of the constitutionally protected rights of Plaintiff, RICKY MILLS, deceased and, in doing so, misused the power possessed by virtue of state law and made possible only because Defendants, PARKER and FIGUEROA, were clothed with the authority of state law.

34.    As a direct and proximate result of the actions and inactions of BEARY alleged herein, Plaintiff, RICKY MILLS, deceased constitutional rights were violated by Defendant and its employees and/or agents, *inter alia*, PARKER and FIGUEROA through actions and inactions that culminated in Plaintiff, MILLS, deceased after being shot four (4) times in various parts of his body ranging from his stomach to the back of the head after using the taser gun approximately three (3) times he was killed.

WHEREFORE, Plaintiffs, pray for entry of judgment against BEARY, for compensatory damages, including interest and costs; prays for an award of reasonable attorneys'

fees pursuant to 42 U.S.C. §1988; and further prays for such other relief as the Court may deem proper and just.

## COUNT II
## CLAIM AGAINST DEFENDANT, DEPUTY SHERIFF CHESTER PARKER, INDIVIDUALLY, UNDER 42. U.S.C §1983

35.     Plaintiff adopts and realleges Paragraphs 1 through 19 as fully set forth herein, and further alleges as follows:

36.     This claim is brought pursuant to 42 U.S.C. §1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution.

37.     Defendant, PARKER, was at all times material hereto a sheriff officer with Orange County Sheriff's Department. At all times material, Defendant, PARKER, was acting under color of state law. Defendant, PARKER, is being sued in his individual capacity.

38.     At the time of the Defendant PARKER deputy sheriff activities in connection with the dispatch call described above, Plaintiff, RICKY MILLS, deceased was being treated for schizophrenic disorder and there was no reason for Defendant PARKER to use unwarranted force in gaining possession of Plaintiff RICKY MILLS, deceased and he was unarmed.

39.     During the course of the encounter, Defendant, PARKER, fired multiple gunshots at the Plaintiffs, RICKY MILLS, deceased as a direct and proximate result of which an unarmed RICKY MILLS, deceased was shot and killed.

40.     The actions of Defendant, PARKER, deprived the Plaintiff, RICKY MILLS, deceased of constitutional rights, as guaranteed by the Constitution of the United States and protected by 42 U.S.C. of §1983, and specifically deprived him of constitutionally guaranteed rights and privileges that include the following:

a.      the right not to be deprived of his life and liberty without due process and

equal protection of laws;

b.      the right and privilege to be free from unlawful attack upon the physical integrity of his person;

c.      the right to be free from unreasonable seizure of his person; and

d.      the right to be immune from the use of excessive force by any person, including police officers utilized to perform proper use of taser guns and appropriate time to use deadly force, while acting under color of law and exercising the authority of Orange County, and the State of Florida.

41.     Defendant, PARKER'S, use of excessive and deadly force during a dispatch call to the boarding home of RICKY MILLS, deceased was a violation of the constitutionally protected rights of the Plaintiff, RICKY MILLS, deceased possessed by virtue of state law, and was made possible only because Defendant, PARKER, was clothed with authority of state law.

42.     As a direct and proximate result of the Defendant, PARKER'S, wrongful use of unreasonably excessive and deadly force against Plaintiff, RICKY MILLS, deceased, in violation of the Plaintiff's constitutional rights, RICKY MILLS, deceased, was shot and killed.

WHEREFORE, Plaintiffs, prays for entry of judgment against Defendant, PARKER, for compensatory damages, including interest and costs; prays for an award of reasonable attorneys' fees pursuant to 42 U.S.C. §1988; and further prays for such other relief as the Court may deem proper and just.

**COUNT III**
**CLAIM AGAINST DEFENDANT, DEPUTY SHERIFF BRIAN FIGUEROA,**
**INDIVIDUALLY UNDER 42. U.S.C §1983**

43.     Plaintiff adopts and realleges Paragraphs 1 through 19 as fully set forth herein, and further alleges as follows:

44.     This claim is brought pursuant to 42 U.S.C. §1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution.

45.     Defendant, FIGUEROA, was at all times material hereto a sheriff officer with Orange County Sheriff's Department. At all times material, Defendant, FIGUEROA, was acting under color of state law. Defendant, FIGUEROA, is being sued in his individual capacity.

46.     At the time of the Defendant FIGUEROA sheriff officer's activities in connection with the dispatch call described above, Plaintiff, RICKY MILLS, deceased was being treated for schizophrenic disorder, and there was no reason for Defendant FIGUEROA to use unwarranted force in gaining possession of RICKY MILLS, deceased and he was unarmed.

47.     During the course of the encounter, Defendant, FIGUEROA, fired multiple gunshots at the Plaintiff, RICKY MILLS, deceased as a direct and proximate result of which an unarmed RICKY MILLS, deceased was shot and killed.

48.     The actions of Defendant, FIGUEROA, deprived the Plaintiff, RICKY MILLS, deceased of constitutional rights, as guaranteed by the Constitution of the United States and protected by 42 U.S.C. of §1983, and specifically deprived him of constitutionally guaranteed rights and privileges that include the following:

        a.      the right not to be deprived of his life and liberty without due process and equal protection of laws;

        b.      the right and privilege to be free from unlawful attack upon the physical integrity of his person;

        c.      the right to be free from unreasonable seizure of his person; and

        d.      the right to be immune from the use of excessive force by any person, including police officers utilized to perform proper use of taser guns and

appropriate time to use deadly force, while acting under color of law and

exercising the authority of Orange County, and the State of Florida.

49.     Defendant, FIGUEROA'S, use of excessive and deadly force during a dispatch

call to the boarding home of RICKY MILLS, deceased was a violation of the constitutionally

protected rights of the Plaintiff, RICKY MILLS, deceased possessed by virtue of state law, and

was made possible only because Defendant, FIGUEROA, was clothed with authority of state

law.

50.     As a direct and proximate result of the Defendant, FIGUEROA'S, wrongful use

of unreasonably excessive and deadly force against Plaintiff, RICKY MILLS, deceased in

violation of the Plaintiff's constitutional rights, RICKY MILLS, deceased was shot and killed.

WHEREFORE, Plaintiffs, prays for entry of judgment against Defendant,

FIGUEROA, for compensatory damages, including interest and costs; prays for an award of

reasonable attorneys' fees pursuant to 42 U.S.C. §1988; and further prays for such other relief as

the Court may deem proper and just

## COUNT IV
## NEGLIGENCE WRONGFUL DEATH CLAIM AGAINST DEFENDANT, KEVIN BEARY AS SHERIFF OF ORANGE COUNTY UNDER 42. U.S.C §1983

51.     Plaintiff adopts and realleges Paragraphs 1 through 19 as fully set forth herein,

and further alleges as follows:

52.     Plaintiff brings this claim against KEVIN BEARY, as Sheriff for injuries to

Plaintiff, RICKY MILLS, deceased.

53.     All conditions precedent to the bringing and maintenance of this action have been

satisfied, performed or waived, including compliance with the notice requirements set by Florida

Statute §768.28.

54.     At all times material hereto, Defendant, BEARY, as Sheriff, and its employees and agents had a duty to use reasonable care in the performance of law enforcement activities so as not to endanger the lives and safety of persons within any foreseeable zones of risk created by such activities, including RICKY MILLS, deceased.

55.     All acts and omissions of Defendant, BEARY, as Sheriff, employees and agents alleged herein were performed within the course and scope of their employment and/or agency with the Defendant, Orange County SHERIFF'S DEPARTMENT.

56.     Defendant, BEARY, as Sheriff, and its employees and/or agents breached their duties of reasonable care to Plaintiff, RICKY MILLS, deceased, in one or more of the following ways:

a.      by negligently failing to use reasonable care in screening and hiring personnel to work on Defendant's police force so as to ensure that Defendant's officers would be properly trained, and negligently failing to use appropriate measures in connection with, performance of their duties, including proper use of taser guns and appropriate time to use deadly force;

b.      by negligently failing to provide proper and adequate training of Defendant's officers such that they would have sufficient knowledge and expertise to perform their duties, including proper use of taser guns and appropriate time to use deadly force, without endangering the lives and safety of persons within the foreseeable zone of risk created by their activities, including the Plaintiff;

c.      by negligently failing to provide adequate supervision and discipline for

police officers such that they would have sufficient guidance and disciplinary measures imposed by their superiors, so as to ensure that they would follow protocols, rules, regulations, and policies governing performance of their duties, including proper use of taser guns and appropriate time to use deadly force, so as not to endanger the lives and safety of persons within the foreseeable zone of risk created by their activities, including Plaintiff, RICKY MILLS, deceased;

d.      by negligently failing to establish or effectively enforce sufficient protocols, rules, regulations and policies governing performance of officers' duties, so as to ensure that they would perform said duties, including proper use of taser guns and appropriate time to use deadly force, in a manner that was appropriate and that would not endanger the lives and safety of persons within the foreseeable zone of risk created by their activities, including Plaintiff, RICKY MILLS, deceased;

e.      by negligently failing to obtain and/or utilize available methods and equipment known to act as effective means of supervising officers on duty and deterring them from failing to follow governing protocols, statutes, rules and guidelines as to duties;

f.      by negligently failing to properly train officers on the use of taser guns; the appropriate number of times to be used during one encounter, the location of the body to be used, when the use of a taser is warranted;

g.      by negligently failing to follow established and governing statutes, protocols, rules, regulations, and policies governing the performance of

Defendant's officers' duties, including proper use of taser guns and appropriate time to use deadly force, in connection with the subject incident so as to avoid inflicting harm on Plaintiff, RICKY MILLS, deceased;

h.     by negligently failing to use reasonable care in the use of firearms so as to avoid inflicting fatal harm on Plaintiff, RICKY MILLS, deceased;

i.     by negligently using unreasonable force in connection with the subject incident; and by negligently failing to exercise due caution and care throughout the subject incident so as to avoid inflicting fatal harm on Plaintiff, RICKY MILLS, deceased.

57.     As a direct and proximate result of the negligent acts and omissions of Defendant, BEARY, as Sheriff, and his employees and agents, Plaintiff, RICKY MILLS, deceased was shot and killed.

WHEREFORE, Plaintiffs, demands judgment against the Defendant, BEARY, as Sheriff, for compensatory damages, costs and interest and further prays for such other relief as the Court may deem just and appropriate

## COUNT V
## NEGLIGENCE WRONGFUL DEATH CLAIM AGAINST DEFENDANT
## DEPUTY SHERIFF CHESTER PARKER

58.     Plaintiff adopts and realleges Paragraphs 1 through 19 as fully set forth herein, and further alleges as follows:

59.     Defendant, PARKER, was at all tunes material hereto a Deputy Sheriff with Orange County Sheriff's Department. At all times material, Defendant, PARKER, was acting under color of state law.  Defendant, PARKER, is being sued in his individual capacity.

60.     Plaintiff brings this claim against the Defendant, PARKER, for injuries suffered by Plaintiff, RICKY MILLS, deceased.

61.     All conditions precedent to the bringing and maintenance of this action have been satisfied, performed or waived, including compliance with the notice requirements set by Florida Statute §768.28.

62.     At all times material, Defendant, PARKER, had a duty as a Deputy Sheriff Officer with Orange County Sheriff's Department to use reasonable care in the performance of law enforcement activities so as not to endanger the lives and safety of persons within any foreseeable zones of risk created by such activities, including a duty to the Plaintiff, RICKY MILLS, deceased.

63.     All acts and omissions of Defendant, PARKER, alleged herein were performed within the course and scope of his employment and/or agency with the Orange County Sheriff's Department.

64.     Defendant, PARKER breached his duties of reasonable care to Plaintiff, RICKY MILLS, deceased in one or more of the following ways:

      a.      by negligently failing to use reasonable care so as to ensure that RICKY MILLS', deceased,  constitutional rights would not be violated;

      b.      by negligently failing to follow protocols, rules, regulations, and policies governing performance of his duties, including proper use of taser guns and appropriate time to use deadly force, so as not to endanger the lives and safety of persons within the foreseeable zone of risk created by his activities, including Plaintiff, MILLS, deceased;

      c.      by negligently failing to perform his duties, including proper use of taser

guns and appropriate time to use deadly force, in a manner that was appropriate and that would not endanger the lives and safety of persons within the foreseeable zone of risk created by his activities, including Plaintiff, RICKY MILLS, deceased.

d.     by negligently failing to follow established and governing statutes, protocols, rules, regulations, and policies governing the performance of his duties, including proper use of taser guns and appropriate time to use deadly force, in connection with the subject incident so as to avoid inflicting deadly harm on Plaintiff, RICKY MILLS, deceased;

e.     by negligently failing to use reasonable care in the use of firearms so as to avoid inflicting deadly harm on Plaintiff, RICKY MILLS, deceased, by negligently failing to properly train

f.     officers on the use of taser guns; the appropriate number of times to be used during one encounter, the location of the body to be used, when the use of a taser is warranted;

g.     by negligently and unreasonably using deadly force in connection with the subject incident; and

h.     by negligently failing to exercise due caution and care throughout the subject incident so as to avoid inflicting deadly harm on Plaintiff, RICKY MILLS, deceased.

65.     As a direct and proximate result of the negligence acts and omissions of Defendant, PARKER, Plaintiff, RICKY MILLS, deceased, was shot and killed.

66.     As a direct and proximate result of the negligence of Defendant, PARKER, as

described above, RICKY MILLS, deceased was shot and killed.

WHEREFORE, Plaintiffs, demands judgment against the Defendant, RICKY PARKER, for compensatory damages, costs and interest and further prays for such other relief as the Court may deem just and appropriate

## COUNT VI
## NEGLIGENCE WRONGFUL DEATH CLAIM AGAINST DEFENDANT DEPUTY SHERIFF BRIAN FIGUEROA

67.     Plaintiff adopts and realleges Paragraphs 1 through 19 as fully set forth herein, and further alleges as follows:

68.     Defendant, FIGUEROA, was at all times material hereto a Deputy Sheriff with Orange County Sheriff's Department.  At all times material, Defendant, FIGUEROA, was acting under color or state law.  Defendant, FIGUEROA, is being sued in his individual capacity.

69.     Plaintiff brings this claim against the Defendant, FIGUEROA, for injuries suffered by Plaintiff, RICKY MILLS, deceased.

70.     All conditions precedent to the bringing and maintenance of this action have been satisfied, performed or waived, including compliance with the notice requirements set by Florida Statute §768.28.

71.     At all times material, Defendant, FIGUEROA, had a duty to use reasonable care in the performance of law enforcement activities so as not to endanger the lives and safety of persons within any foreseeable zones of risk created by such activities, including a duty to the Plaintiff, RICKY MILLS, deceased.

72.     All acts and omissions of Defendant, FIGUEROA, alleged herein were performed within the course and scope of his employment and/or agency with Orange County.

73.     Defendant, FIGUEROA breached his duties of reasonable care to Plaintiff,

RICKY MILLS, deceased, in one or more of the following ways:

    a.    by negligently failing to use reasonable care so as to ensure that RICKY MILLS'S, deceased, constitutional rights would not be violated;

    b.    by negligently failing to follow protocols, rules, regulations, and policies governing performance of his duties, including proper use of taser guns and appropriate time to use deadly force, so as not to endanger the lives and safety of persons within the foreseeable zone of risk created by his activities, including Plaintiff, RICKY MILLS, deceased;

    c.    by negligently failing to perform his duties, including proper use of taser guns and appropriate time to use deadly force, in a manner that was appropriate and that would not endanger the lives and safety of persons within the foreseeable zone of risk created by his activities, including Plaintiff, RICKY MILLS, deceased;

    d.    by negligently failing to follow established and governing statutes, protocols, rules, regulations, and policies governing the performance of his duties, including proper use of taser guns and appropriate time to use deadly force, in connection with the subject incident so as to avoid inflicting deadly harm on Plaintiff, RICKY MILLS, deceased;

    e.    by negligently failing to use reasonable care in the use of firearms so as to avoid inflicting deadly harm on Plaintiff, RICKY MILLS, deceased;

    f.    by negligently failing to properly train officers on the use of taser guns; the appropriate number of times to be used during one encounter, the location of the body to be used, when the use of a taser is warranted;

      g.      by negligently and unreasonably using deadly force in connection with the subject incident; and

      h.      by negligently failing to exercise due caution and care throughout the subject incident so as to avoid inflicting deadly harm on Plaintiff, RICKY MILLS, deceased.

74.     As a direct and proximate result of the negligence acts and omissions of Defendant, FIGUEROA, Plaintiff, RICKY MILLS, deceased, was shot and killed.

75.     As a direct and proximate result of the negligence of Defendant, FIGUEROA, as described above, RICKY MILLS, deceased was shot and killed.

WHEREFORE, Plaintiffs, demands judgment against the Defendant, FIGUEROA, for compensatory damages, costs and interest and further prays for such other relief as the Court may deem just and appropriate.

## COUNT VII
## NEGLIGENCE CLAIM OF JACK MILLS AGAINST
## DEFENDANT, KEVIN BEARY AS SHERIFF OF ORANGE COUNTY

76.     Plaintiffs adopts and realleges Paragraphs 1 through 19 as fully set forth herein, and further alleges as follows:

77.     Plaintiff brings this claim against KEVIN BEARY, as Sheriff for injuries to Plaintiff, JACK MILLS.

78.     All conditions precedent to the bringing and maintenance of this action have been satisfied, performed or waived, including compliance with the notice requirements set by Florida Statute §768.28.

79.     At all times material hereto, Defendant, BEARY, as Sheriff, and its employees and agents had a duty to use reasonable care in the performance of law enforcement activities so

as not to endanger the lives and safety of persons within any foreseeable zones of risk created by such activities, including JACK MILLS.

80.     All acts and omissions of Defendant, BEARY, as Sheriff, employees and agents alleged herein were performed within the course and scope of their employment and/or agency with the Defendant, Orange County SHERIFF'S DEPARTMENT.

81.     Defendant, BEARY, as Sheriff, and its employees and/or agents breached their duties of reasonable care to Plaintiff, JACK MILLS, in one or more of the following ways:

> a.     by negligently failing to use reasonable care in screening and hiring personnel to work on Defendant's police force so as to ensure that Defendant's officers would be properly trained, and negligently failing to use appropriate measures in connection with, performance of their duties, including proper use of taser guns and appropriate time to use deadly force;

> b.     by negligently failing to provide proper and adequate training of Defendant's officers such that they would have sufficient knowledge and expertise to perform their duties, including proper use of taser guns and appropriate time to use deadly force, without endangering the lives and safety of persons within the foreseeable zone of risk created by their activities, including the Plaintiff;

> c.     by negligently failing to provide adequate supervision and discipline for police officers such that they would have sufficient guidance and disciplinary measures imposed by their superiors, so as to ensure that they would follow protocols, rules, regulations, and policies governing

performance of their duties, including proper use of taser guns and appropriate time to use deadly force, so as not to endanger the lives and safety of persons within the foreseeable zone of risk created by their activities, including Plaintiff, JACK MILLS;

d.      by negligently failing to establish or effectively enforce sufficient protocols, rules, regulations and policies governing performance of officers' duties, so as to ensure that they would perform said duties, including proper use of taser guns and appropriate time to use deadly force, in a manner that was appropriate and that would not endanger the lives and safety of persons within the foreseeable zone of risk created by their activities, including Plaintiff, JACK MILLS;

e.      by negligently failing to obtain and/or utilize available methods and equipment known to act as effective means of supervising officers on duty and deterring them from failing to follow governing protocols, statutes, rules and guidelines as to duties;

f.      by negligently failing to properly train officers on the use of taser guns; the appropriate number of times to be used during one encounter, the location of the body to be used, when the use of a taser is warranted;

g.      by negligently failing to follow established and governing statutes, protocols, rules, regulations, and policies governing the performance of Defendant's officers' duties, including proper use of taser guns and appropriate time to use deadly force, in connection with the subject incident so as to avoid inflicting harm on Plaintiff, JACK MILLS;

h.      by negligently failing to use reasonable care in the use of firearms so as to avoid inflicting harm on Plaintiff, JACK MILLS;

i.      by negligently using unreasonable force in connection with the subject incident; and by negligently failing to exercise due caution and care throughout the subject incident so as to avoid inflicting bodily harm on Plaintiff, JACK MILLS.

82.     As a direct and proximate result of the negligent acts and omissions of Defendant, BEARY, as Sheriff, and his employees and agents, Plaintiff, JACK MILLS, was shot in the foot, causing bodily injury, severe mental and physical damages, including but not limited to mental anguish, physical anguish, pain and suffering.

WHEREFORE, Plaintiff, JACK MILLS, demands judgment against the Defendant, BEARY, as Sheriff, for compensatory damages, costs and interest and further prays for such other relief as the Court may deem just and appropriate

**DEMAND FOR JURY TRIAL**

Plaintiffs, demands trial by jury of all issues so triable of right.

Respectfully submitted this 30th day of January, 2009.

**I HEREBY CERTIFY** that on this 30th day of January, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Walter A. Ketcham, Jr., Esquire, Grower, Ketcham, Rutherford, Bronson, Eide & Telan, P.A., 901 N. Lake Destiny Road, Suite 450, Maitland, FL 32751; Jeanelle G. Bronson, Esquire, Grower, Ketcham, Rutherford, Bronson, Eide & Telan,

P.A., 901 North Lake Destiny Road, Suite 450, Maitland, FL  32751; Frank Allen, Esquire, The

Allen Firm, P.A., 605 E. Robinson St, Ste 130, Orlando, FL 32801.


     /s/  John W. Dill

John W. Dill, Esquire
FBN: 98168
jdill@forthepeople.com
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Tele:  (407) 420-1414
Fax:  (407) 422-8925
*Attorneys for Plaintiff*