UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIE BURKS, as Personal Representative
of Ricky Mills, deceased, and JACK MILLS,

        Plaintiffs,

vs.                      CASE NO.: 6:08-CV-1568-ORL-28GJK

KEVIN BEARY, as Sheriff of Orange
County, Florida, DEPUTY SHERIFF
CHESTER PARKER, and DEPUTY
SHERIFF BRIAN FIGUEROA,

        Defendants.

_____/

## DEFENDANT, KEVIN BEARY'S, ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

COMES NOW the Defendant, KEVIN BEARY, as Sheriff of Orange County, Florida, by and through his undersigned attorneys, and hereby answers the Plaintiffs' Amended Complaint as follows:

1.    Defendant admits for jurisdictional purposes only that the Plaintiffs purport to allege a cause of action under 42 U.S.C. §1983 and that this Court has subject matter jurisdiction over causes of action of this nature.   However, Defendant denies both the factual and the legal basis for the Plaintiffs' claim and further denies that the amount in controversy exceeds the jurisdictional limits of this Court.

2.     Defendant denies the allegations set forth in paragraph 2 of the Amended Complaint as pled.   However, for clarification purposes, Defendant admits for venue and jurisdiction purposes only that based on the allegations in the Amended Complaint, that venue and jurisdiction are proper in this court. However, Defendant denies both the factual and the legal basis for the Plaintiffs' claims and denies a majority of the allegations set forth in the Amended Complaint.

3.     Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 3 of the Amended Complaint and accordingly, denies same.

4.     Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4 of the Amended Complaint and accordingly, denies same.

5.     Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 5 of the Amended Complaint and accordingly, denies same.

6.     Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 6 of the Amended Complaint and accordingly, denies same.

7.     Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 7 of the Amended Complaint and accordingly, denies same.

8.     Defendant denies the allegations set forth in paragraph 8 of the Amended Complaint as pled.  However, for clarification purposes, Defendant admits that KEVIN BEARY is a resident of Orange County, Florida, and is sui juris.   Defendant further admits that at all times material to the Amended Complaint, KEVIN BEARY was the duly elected Sheriff of Orange County, Florida, and Defendant admits that the Plaintiffs purport to sue Sheriff BEARY in his official capacity.  However, Defendant denies both the factual and the legal basis for the Plaintiffs' claims.

9.     Defendant denies the allegations set forth in paragraph 9 of the Amended Complaint as pled.  However, for clarification purposes, Defendant admits that at all times material to the Amended Complaint, that Defendant, CHESTER PARKER, is and was sui juris, was a duly appointed deputy sheriff of Orange County, Florida, and Defendant admits that the Plaintiffs purport to sue Deputy PARKER in his individual capacity.  However, Defendant denies both the factual and the legal basis for the Plaintiffs' claims.

10.     Defendant denies the allegations set forth in paragraph 10 of the Amended Complaint as pled.  However, for clarification purposes, Defendant admits that at all times material to the Amended Complaint, that Defendant, BRIAN FIGUEROA, is and was sui juris, was a duly appointed deputy sheriff of Orange County, Florida, and Defendant admits that the Plaintiffs purport to sue Deputy FIGUEROA in his individual capacity.  However, Defendant denies both the factual and the legal basis for the Plaintiffs' claims.

3

11.     Defendant denies the allegations set forth in paragraph 11 of the Amended Complaint as pled.  However, for clarification purposes, Defendant admits that at all times material to the Amended Complaint, Sheriff BEARY was acting within the course and scope of his duties as Orange County Sheriff and that Deputy PARKER and Deputy FIGUEROA were acting within the course and scope of their duties as duly appointed Orange County deputy sheriffs.

12.     Defendant denies the allegations set forth in paragraph 12 of the Amended Complaint as pled.  However, for clarification purposes, Defendant admits that on June 14, 2005, Orange County deputy sheriffs responded to a residence located at 4549 Conley Street, in Orange County, Florida, in reference to a 911 call for law enforcement assistance, and that due to Mr. MILLS' violent behavior, Orange County deputies were required to use deadly force on Mr. MILLS which is believed ultimately to have resulted in his death.

13.     Defendant denies the allegations set forth in paragraph 13 of the Amended Complaint.

14.     Defendant admits that on June 14, 2005, Orange County deputy sheriffs, CHESTER PARKER and BRIAN FIGUEROA, arrived at a residence located at 4549 Conley Street, in Orange County, Florida, pursuant to a dispatch call pertaining to a 911 request for law enforcement assistance from the residence.

15.     Defendant denies the allegations set forth in paragraph 15 of the Amended Complaint as pled.  However, for clarification purposes, Defendant

admits that on June 14, 2005, that Orange County Deputy Sheriff CHESTER PARKER and Orange County Deputy Sheriff BRIAN FIGUEROA were forced to use deadly force against RICKY MILLS due to the violent behavior of RICKY MILLS which ultimately resulted in the death of RICKY MILLS.

16.     Defendant denies the allegations set forth in paragraph 16 of the Amended Complaint as pled.  However, for clarification purposes, Defendant admits that on June 14, 2005, that due to the violent behavior of the decedent, RICKY MILLS, that Defendants PARKER and FIGUEROA were forced to use deadly force against the decedent and that said deadly force ultimately resulted in the death of the decedent.

17.     Defendant denies the allegations set forth in paragraph 17 of the Amended Complaint.

18.     Defendant denies the allegations set forth in paragraph 18 of the Amended Complaint.

19.     Defendant denies the allegations set forth in paragraph 19 of the Amended Complaint as pled.  However, for clarification purposes, Defendant admits that he received a Notice of Claim on behalf of the Estate of Ricky Mills which was reportedly in compliance with §768.28(6)(a), Fla.Stat.

## COUNT I

### Claim Against Defendant, Kevin Beary, under 42 U.S.C. §1983

20.   Defendant adopts and realleges and incorporates herein by reference, his responses set forth in paragraphs 1 through 19 above as if fully set forth herein.

21.   Defendant admits for jurisdictional purposes only that the Plaintiffs purport to allege a cause of action pursuant to 42 U.S.C. §1983 for alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution.   However, Defendant denies both the factual and the legal basis for the Plaintiffs' claims.

22.   Defendant denies the allegations set forth in paragraph 22 of the Amended Complaint as pled.   However, for clarification purposes, the Defendant admits that at all times material to the Amended Complaint, he was the duly elected Sheriff of Orange County, Florida, a charter county within the State of Florida, and that Defendants PARKER and FIGUEROA were duly appointed Orange County deputy sheriffs.   Defendant further admits that the Defendants are deemed, pursuant to 42 U.S.C. §1983, to be persons.

23.   Defendant denies the allegations set forth in paragraph 23 of the Amended Complaint as pled.   However, for clarification purposes, Defendant admits that as Sheriff of Orange County, Florida, he had the duties, responsibilities and obligations set forth under Florida law.

24.     Defendant denies the allegations set forth in paragraph 24 of the Amended Complaint.

25.     Defendant denies the allegations set forth in paragraph 25 of the Amended Complaint.

26.     Defendant denies the allegations set forth in paragraph 26 of the Amended Complaint.

27.     Defendant denies the allegations set forth in paragraph 27 of the Amended Complaint.

28.     Defendant denies the allegations set forth in paragraph 28 of the Amended Complaint.

29.     Defendant denies the allegations set forth in paragraph 29 of the Amended Complaint, including any subparts thereunder and specifically subparagraphs (a) through (i).

30.     Defendant denies the allegations set forth in paragraph 30 of the Amended Complaint.

31.     Defendant denies the allegations set forth in paragraph 31 of the Amended Complaint.

32.     Defendant denies the allegations set forth in paragraph 32 of the Amended Complaint, including any subparts thereto, and specifically subparagraphs (a) through (d).

33.     Defendant denies the allegations set forth in paragraph 33 of the Amended Complaint.

34.    Defendant denies the allegations set forth in paragraph 34 of the Amended Complaint.

## COUNT II

### Claim Against Defendant, Deputy Sheriff Chester Parker, Individually, under 42 U.S.C. §1983

35.    Count II of the Amended Complaint consisting of paragraphs 35 through 42 is not a claim against this Defendant and accordingly, no response is required by this Defendant.

## COUNT III

### Claim Against Defendant, Deputy Sheriff Brian Figueroa, Individually, under 42 U.S.C. §1983

36.    Count III of the Amended Complaint consisting of paragraphs 43 through 50 is not a claim against this Defendant and accordingly, no response is required by this Defendant.

## COUNT IV

### Negligence Wrongful Death Claim Against Defendant, Kevin Beary, as Sheriff of Orange County, Under 42 U.S.C. §1983

37.    Defendant adopts, realleges and incorporates herein by reference, his responses set forth in paragraphs 1 through 19 above as if fully set forth herein.

38.    In response to paragraph 52 of the Amended Complaint, Defendant admits that the Plaintiffs purport to bring this claim against Kevin Beary, as Sheriff, for injuries to the decedent, RICKY MILLS.  However, Defendant denies that the Plaintiffs have a factual or a legal basis upon which to bring this claim.

39.     Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 53 of the Amended Complaint and accordingly, denies same.  However, for clarification purposes only, Defendant admits that Defendant received a purported Notice of Claim purporting to satisfy the conditions of §768.28, Fla.Stat.

40.     Defendant denies the allegations set forth in paragraph 54 of the Amended Complaint as pled.  However, for clarification purposes, Defendant admits that he had the rights, obligations, duties and responsibilities as Sheriff of Orange County, Florida, as are imposed under Florida law and the laws of the United States.

41.     Defendant denies the allegations set forth in paragraph 55 of the Amended Complaint as pled.   However, for clarification purposes only, Defendant admits based on his personal knowledge and belief, that at all times material to the Amended Complaint, that he was acting within the course and scope of his duties as Sheriff of Orange County, Florida, and that Defendants FIGUEROA and PARKER were acting within the course and scope of their duties as Orange County deputy sheriffs.

42.     Defendant denies the allegations set forth in paragraph 56 of the Amended Complaint, including subparagraphs (a) through (i).

43.     Defendant denies the allegations set forth in paragraph 57 of the Amended Complaint.

## COUNT V

### Negligence Wrongful Death Claim Against Defendant, Deputy Sheriff Chester Parker

44.     Count V of the Amended Complaint consisting of paragraphs 58 through 66 does not state a claim against this Defendant and accordingly, no response is required by this Defendant.

## COUNT VI

### Negligence Wrongful Death Claim Against Defendant, Deputy Sheriff Brian Figueroa

45.     Count VI of the Amended Complaint consisting of paragraphs 67 through 75 does not state a claim against this Defendant and accordingly, no response is required by this Defendant.

## COUNT VII

### Negligence Claim Of Jack Mills Against Defendant, Kevin Beary as Sheriff of Orange County

46.     Defendant adopts, realleges and incorporates herein by reference, his responses set forth in paragraphs 1 through 19 above as if fully set forth herein.

47.     In response to paragraph 77 of the Amended Complaint, Defendant admits that the Plaintiff, JACK MILLS, purports to bring this claim against KEVIN BEARY, as Sheriff, for injuries reportedly suffered by Plaintiff, JACK MILLS. However, Defendant denies that the Plaintiff has a factual or a legal basis upon which to bring said claim.

10

48.     Defendant denies the allegations set forth in paragraph 78 of the Amended Complaint.

49.     Paragraph 79 of the Amended Complaint calls for a legal conclusion and accordingly, no response is required to this paragraph 79. However, to the extent that a response is deemed required, Defendant denies the allegations set forth in paragraph 79 as pled.   However, for clarification purposes, Defendant admits that as Sheriff of Orange County, he had the rights, obligations, responsibilities and duties imposed by the laws of Florida and the laws of the United States.

50.     Defendant denies the allegations set forth in paragraph 80 of the Amended Complaint as pled.   However, for clarification purposes, Defendant admits that at all times material to the Amended Complaint, that he, as Sheriff of Orange County, Florida, and his duly appointed deputies were acting within the course and scope of their employment as Orange County deputy sheriffs.

51.     Defendant denies the allegations set forth in paragraph 81 of the Amended Complaint, including any subparts thereto, including, but not limited to, subparagraphs (a) through (i).

52.     Defendant denies the allegations set forth in paragraph 82 of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

53.     Defendant affirmatively alleges and asserts that it was objectively reasonable and appropriate for Deputy PARKER and Deputy FIGUEROA on June

11

14, 2005, to use deadly force on the decedent, RICKY MILLS, whose violent behavior with a deadly weapon posed an immediate imminent threat of serious bodily harm, injury or death to Deputy PARKER and Deputy FIGUEROA, as well as members of the public, including, but not limited to, JACK MILLS.

54.     Defendant affirmatively alleges and asserts that the force utilized against the decedent, RICKY MILLS, by Deputy PARKER and Deputy FIGUEROA was objectively reasonable, appropriate, and necessary due to the violent aggressive conduct of the decedent, RICKY MILLS, who posed an imminent, immediate threat of great bodily harm or death to the deputies and other individuals.

55.     Defendant affirmatively alleges and asserts that any state law claims alleged by the Plaintiffs are limited by the terms, conditions, provisions, and monetary limitations of §768.28, Florida Statutes.

56.     Defendant affirmatively alleges and asserts that under Florida law, Deputy PARKER and Deputy FIGUEROA had the right to use reasonable force, including deadly force on RICKY MILLS, due to the violent and aggressive actions of the decedent, RICKY MILLS, pursuant to §776.05, Florida Statutes.

57.     Defendant affirmatively alleges and asserts that some or all of the acts or omissions complained of by the Plaintiff with respect to training, supervision and screening of deputies and policies and procedures of the office of the Orange County Sheriff, involved discretionary, planning level activities for which the

Defendant, as a governmental entity, enjoys complete sovereign immunity and accordingly, such claims are barred by the doctrine of sovereign immunity.

58. Defendant affirmatively alleges and asserts that the Plaintiff, MARIE BURKS, lacks capacity and/or standing to file this claim against this Defendant.

59. Defendant affirmatively alleges and asserts that Count IV of the Amended Complaint fails to state a cause of action as the heading of Count IV asserts that it is a negligence wrongful death claim against this Defendant under 42 U.S.C. §1983 and there is no such cause of action.

60. Defendant affirmatively alleges and asserts that the Plaintiff, JACK MILLS, has failed to comply with all conditions precedent to the bringing of a claim in Count VII of the Amended Complaint in that the Plaintiff, JACK MILLS, has failed to comply with all conditions precedent to the bringing and maintenance of an action against this Defendant as required by Fla.Stat. §768.28(6)(a) and accordingly, said Count VII should be dismissed.

61. Defendant reserves the right to supplement this Answer with additional affirmative defenses pending the outcome of future discovery in this matter.

62. Defendant respectfully requests that this Court enter its Order dismissing the Plaintiffs' Amended Complaint against this Defendant and requests trial by jury of all issues so triable and further requests that this Court award costs and attorneys' fees as provided by applicable law in favor of this Defendant.

s/ Jeanelle G. Bronson
JEANELLE G. BRONSON

13

Florida Bar No. 266337
WALTER A. KETCHAM, JR.
Florida Bar No. 156630
RAMON VAZQUEZ
Florida Bar No. 196274
Attorneys for Defendant, KEVIN BEARY
GROWER, KETCHAM, RUTHERFORD,
BRONSON, EIDE & TELAN, P.A.
P.O. Box 538065
Orlando, FL  32853-8065
Suite 450, 901 N. Lake Destiny Road
Maitland, FL  32751-4886
Phone: (407) 423-9545
Fax:    (407) 425-7104
e-mail   jgbronson@growerketcham.com
        waketcham@growerketcham.com
        gk@growerketcham.com
        rvazquez@growerketcham.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of February, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing to the following: John W. Dill, Esq., of Morgan & Morgan, P.A., Attorneys for Plaintiffs, P.O. Box 4079, Orlando, FL 32802-4979, and Frank T. Allen Esq., of The Allen Firm, P.A., co-counsel for Plaintiffs, 605 E. Robinson St., Suite 130, Orlando, FL  32801.

s/ Jeanelle G. Bronson
JEANELLE G. BRONSON
Florida Bar No. 266337
WALTER A. KETCHAM, JR.
Florida Bar No. 156630
RAMON VAZQUEZ
Florida Bar No. 196274
Attorneys for Defendant, KEVIN BEARY

14

GROWER, KETCHAM, RUTHERFORD,
BRONSON, EIDE & TELAN, P.A.
P.O. Box 538065
Orlando, FL  32853-8065
Suite 450, 901 N. Lake Destiny Road
Maitland, FL  32751-4886
Phone: (407) 423-9545
Fax:    (407) 425-7104
e-mail   jgbronson@growerketcham.com
         waketcham@growerketcham.com
         gk@growerketcham.com
         rvazquez@growerketcham.com