UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIE BURKS, as Personal Representative
of Ricky Mills, deceased, and JACK MILLS,

        Plaintiffs,

vs.                           CASE NO.: 6:08-CV-1568-ORL-28GJK

KEVIN BEARY, as Sheriff of Orange
County, Florida, DEPUTY SHERIFF
CHESTER PARKER, and DEPUTY
SHERIFF BRIAN FIGUEROA,

        Defendants.

_____/

## DEFENDANT, BRIAN FIGUEROA'S, ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

COMES NOW the Defendant, BRIAN FIGUEROA, in his individual capacity, by and through his undersigned attorneys, and hereby answers the Plaintiffs' Amended Complaint as follows:

1.    Defendant admits for jurisdictional purposes only that the Plaintiffs purport to allege a cause of action under 42 U.S.C. §1983 and that this Court has subject matter jurisdiction over causes of action of this nature.   However, Defendant denies both the factual and the legal basis for the Plaintiffs' claims and further denies that the amount in controversy exceeds the jurisdictional limits of this Court.

2.      Defendant denies the allegations set forth in paragraph 2 of the Amended Complaint as pled.   However, for clarification purposes, Defendant admits for venue and jurisdiction purposes only that based on the allegations in the Amended Complaint, that venue and jurisdiction are proper in this court. However, Defendant denies both the factual and the legal basis for the Plaintiffs' claims and denies a majority of the allegations set forth in the Amended Complaint.

3.      Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 3 of the Amended Complaint and accordingly, denies same.

4.      Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4 of the Amended Complaint and accordingly, denies same.

5.      Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 5 of the Amended Complaint and accordingly, denies same.

6.      Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 6 of the Amended Complaint and accordingly, denies same.

7.      Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 7 of the Amended Complaint and accordingly, denies same.

8.      Defendant denies the allegations set forth in paragraph 8 of the Amended Complaint as pled.  However, for clarification purposes, Defendant admits that KEVIN BEARY is a resident of Orange County, Florida, and is sui juris.  Defendant further admits that at all times material to the Amended Complaint, KEVIN BEARY was the duly elected Sheriff of Orange County, Florida, and Defendant admits that the Plaintiffs purport to sue Sheriff BEARY in his official capacity.  However, Defendant denies both the factual and the legal basis for the Plaintiffs' claims.

9.      Defendant denies the allegations set forth in paragraph 9 of the Amended Complaint as pled.  However, for clarification purposes, Defendant admits that at all times material to the Amended Complaint, that Deputy CHESTER PARKER is and was sui juris, was a duly appointed deputy sheriff of Orange County, Florida, and Defendant admits that the Plaintiffs purport to sue Deputy CHESTER PARKER in his individual capacity.  However, Defendant denies both the factual and the legal basis for the Plaintiffs' claims.

10.     Defendant denies the allegations set forth in paragraph 10 of the Amended Complaint as pled.  However, for clarification purposes, Defendant admits that at all times material to the Amended Complaint, that he is and was sui juris, was a duly appointed deputy sheriff of Orange County, Florida, and Defendant admits that the Plaintiffs purport to sue Deputy FIGUEROA in his individual capacity.  However, Defendant denies both the factual and the legal basis for the Plaintiffs' claims.

3

11.     Defendant denies the allegations set forth in paragraph 11 of the Amended Complaint as pled.   However, for clarification purposes, Defendant admits that at all times material to the Amended Complaint, Sheriff BEARY was acting within the course and scope of his duties as Orange County Sheriff and that Deputy PARKER and Deputy FIGUEROA were acting within the course and scope of their duties as duly appointed Orange County deputy sheriffs.

12.     Defendant denies the allegations set forth in paragraph 12 of the Amended Complaint as pled.   However, for clarification purposes, Defendant admits that on June 14, 2005, Orange County deputy sheriffs responded to a residence located at 4549 Conley Street, in Orange County, Florida, in reference to a 911 call for law enforcement assistance, and that due to Mr. MILLS' violent behavior, this Defendant and Deputy CHESTER PARKER were required to use deadly force on Mr. MILLS which is believed ultimately to have resulted in his death.

13.     Defendant denies the allegations set forth in paragraph 13 of the Amended Complaint.

14.     Defendant admits that on June 14, 2005, he and Orange County deputy sheriff, CHESTER PARKER, arrived at a residence located at 4549 Conley Street, in Orange County, Florida, pursuant to a dispatch call pertaining to a 911 request for law enforcement assistance from the residence.

15.     Defendant denies the allegations set forth in paragraph 15 of the Amended Complaint as pled.   However, for clarification purposes, Defendant

4

admits that on June 14, 2005, that he and Orange County Deputy Sheriff CHESTER PARKER were forced to use deadly force against RICKY MILLS due to the violent behavior of RICKY MILLS which ultimately resulted in the death of RICKY MILLS.

16.     Defendant denies the allegations set forth in paragraph 16 of the Amended Complaint as pled.   However, for clarification purposes, Defendant admits that on June 14, 2005, that due to the violent behavior of the decedent, RICKY MILLS, that he and Defendant PARKER were forced to use deadly force against the decedent and that said deadly force ultimately resulted in the death of the decedent.

17.     Defendant denies the allegations set forth in paragraph 17 of the Amended Complaint.

18.     Defendant denies the allegations set forth in paragraph 18 of the Amended Complaint.

19.     Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 19 of the Amended Complaint and accordingly, denies same.

### COUNT I

### Claim Against Defendant, Kevin Beary, under 42 U.S.C. §1983

20.     Count I of the Amended Complaint consisting of paragraphs 20 through 34 is not a claim against this Defendant and accordingly, no response is required by this Defendant.

5

## COUNT II

### Claim Against Defendant, Deputy Sheriff Chester Parker, Individually, under 42 U.S.C. §1983

21.     Count II of the Amended Complaint consisting of paragraphs 35 through 42 is not a claim against this Defendant and accordingly, no response is required by this Defendant.

## COUNT III

### Claim Against Defendant, Deputy Sheriff Brian Figueroa, Individually, under 42 U.S.C. §1983

22.     In response to paragraph 43 of the Amended Complaint, Defendant adopts, realleges and incorporates herein by reference, his responses set forth in paragraphs 1 through 19 above as if fully set forth herein.

23.     In response to paragraph 44 of the Amended Complaint, Defendant admits for jurisdictional purposes only that the Plaintiffs purport to allege a cause of action pursuant to 42 U.S.C. §1983 for alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution.  However, Defendant denies both the factual and the legal basis for the Plaintiffs' claims.

24.     In response to paragraph 45 of the Amended Complaint, Defendant admits that at all times material to the Amended Complaint, that he was a duly appointed Orange County deputy sheriff and acting within the course and scope of his duties as an Orange County deputy sheriff.  Defendant further admits that the Plaintiffs purport to sue him in his individual capacity.  However, Defendant denies that the Plaintiffs have any factual or legal basis for any claim against him.

6

25.     Defendant denies the allegations set forth in paragraph 46 of the Amended Complaint as pled.

26.     Defendant denies the allegations set forth in paragraph 47 of the Amended Complaint as pled.

27.     Defendant denies the allegations set forth in paragraph 48 of the Amended Complaint, including, but not limited to, subparagraphs (a) through (d).

28.     Defendant denies the allegations set forth in paragraph 49 of the Amended Complaint.

29.     Defendant denies the allegations set forth in paragraph 50 of the Amended Complaint.

## COUNT IV

### Negligence Wrongful Death Claim Against Defendant, Kevin Beary, as Sheriff of Orange County, Under 42 U.S.C. §1983

30.     Count IV of the Amended Complaint consisting of paragraphs 51 through 57 is not a claim against this Defendant and accordingly, no response is required by this Defendant.

## COUNT V

### Negligence Wrongful Death Claim Against Defendant, Deputy Sheriff Chester Parker

31.     Count V of the Amended Complaint consisting of paragraphs 58 through 66 is not a claim against this Defendant and accordingly, no response is required by this Defendant.

## COUNT VI

### Negligence Wrongful Death Claim Against Defendant, Deputy Sheriff Brian Figueroa

32.    In response to paragraph 67 of the Amended Complaint, Defendant adopts, realleges, and incorporates herein by reference, his responses set forth in paragraphs 1 through 19 above as if fully set forth herein.

33.    Defendant admits the allegations set forth in paragraph 68 of the Amended Complaint as pled.  However, for clarification purposes, Defendant denies that the Plaintiffs have a legal or factual basis for any claim against him.

34.    In response to paragraph 69 of the Amended Complaint, Defendant admits that the Plaintiffs purport to bring this action against Defendant FIGUEROA for injuries suffered by RICKY MILLS, deceased.   However, Defendant denies that the Plaintiffs have any factual or legal basis for bringing any claim against this Defendant.

35.    Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraph 70 of the Amended Complaint and accordingly, denies same.

36.    Defendant denies the allegations set forth in paragraph 71 of the Amended Complaint as pled.  However, for clarification purposes, Defendant admits that at all times material to the Amended Complaint, as an Orange County deputy sheriff, Defendant FIGUEROA had all of the rights, obligations,

responsibilities and duties of an Orange County deputy sheriff as imposed by Florida law.

37.     Defendant denies the allegations set forth in paragraph 72 of the Amended Complaint as pled.   However, for clarification purposes, Defendant admits that at all times material to the Amended Complaint, he was acting within the course and scope of his duties as an Orange County deputy sheriff.

38.     Defendant denies the allegations set forth in paragraph 73 of the Amended Complaint, including, but not limited to, subparagraphs (a) through (h).

39.     Defendant denies the allegations set forth in paragraph 74 of the Amended Complaint.

40.     Defendant denies the allegations set forth in paragraph 75 of the Amended Complaint.

## COUNT VII

### Negligence Claim Of Jack Mills Against Defendant, Kevin Beary
### as Sheriff of Orange County

41.     Count VII of the Amended Complaint consisting of paragraphs 76 through 82 is not a claim against this Defendant and accordingly, no response is required by this Defendant.

## AFFIRMATIVE DEFENSES

42.     Defendant affirmatively alleges and asserts that it was objectively reasonable and appropriate for this Defendant and Deputy CHESTER PARKER to use deadly force on the decedent, RICKY MILLS, whose violent behavior with a deadly weapon posed an immediate imminent threat of serious bodily harm, injury

or death to this Defendant and Deputy CHESTER PARKER, as well as members of the public on June 14, 2005.

43.    Defendant affirmatively alleges and asserts that the force utilized against the decedent, RICKY MILLS, by this Defendant and Deputy PARKER was objectively reasonable, appropriate, and necessary due to the violent aggressive conduct of the decedent, RICKY MILLS, who posed an imminent, immediate threat of great bodily harm or death to this Defendant, other deputies and other members of the public.

44.    Defendant affirmatively alleges and asserts that any state law claims alleged by the Plaintiffs against this Defendant are limited by the terms, conditions, provisions, and monetary limitations of §768.28, Florida Statutes.

45.    Defendant affirmatively alleges and asserts that under Florida law, this Defendant and Deputy PARKER had the right to use reasonable force, including deadly force, due to the violent and aggressive actions of the decedent, RICKY MILLS, pursuant to §776.05, Florida Statutes.

46.    Defendant affirmatively alleges and asserts that Plaintiffs fail to state a cause of action against this Defendant in his individual capacity as all alleged acts or alleged omissions of this Defendant were clearly taken in the course and scope of his official duties as a deputy sheriff of Orange County and were not taken in his individual or personal capacity.

47.    Defendant affirmatively alleges and asserts that with respect to Count VI of the Amended Complaint, he was at all times material to the Amended

10

Complaint acting within the course and scope of his duties as an Orange County deputy sheriff when he used deadly force against RICKY MILLS as a means of defending himself and others from the immediate, imminent threat of death or serious bodily harm by RICKY MILLS, and accordingly, this Defendant is entitled to sovereign immunity under §768.28(9), Florida Statutes.

48.     To the extent that Defendant is sued in his individual capacity, Defendant affirmatively alleges and asserts that at all times material to the Amended Complaint, he was acting within the course and scope of his discretionary duties as an Orange County deputy sheriff when he used deadly force against RICKY MILLS due to RICKY MILLS' aggressive violent behavior and accordingly, this Defendant is entitled to qualified immunity under federal law.

49.     Defendant affirmatively alleges and asserts that the Plaintiff, MARIE BURKS, lacks capacity and/or standing to file this claim against this Defendant.

50.     Defendant affirmatively alleges and asserts that the individuals named in paragraph 6 of the Amended Complaint lack standing as survivors under the Florida Wrongful Death Act.

51.     Defendant affirmatively alleges and asserts that the Amended Complaint fails to allege with sufficient specificity, facts sufficient to state a cause of action against this Defendant in his individual capacity.

52.     Defendant reserves the right to supplement this Answer with additional affirmative defenses pending the outcome of future discovery in this matter.

11

53.     Defendant respectfully requests that this Court enter its Order dismissing the Plaintiffs' Amended Complaint against this Defendant and requests trial by jury of all issues so triable and further requests that this Court award costs and attorneys' fees as provided by applicable law in favor of this Defendant.

s/ Jeanelle G. Bronson
JEANELLE G. BRONSON
Florida Bar No. 266337
WALTER A. KETCHAM, JR.
Florida Bar No. 156630
RAMON VAZQUEZ
Florida Bar No. 196274
Attorneys for Defendant, BRIAN FIGUEROA
GROWER, KETCHAM, RUTHERFORD, BRONSON, EIDE & TELAN, P.A.
P.O. Box 538065
Orlando, FL  32853-8065
Suite 450, 901 N. Lake Destiny Road
Maitland, FL  32751-4886
Phone: (407) 423-9545
Fax:    (407) 425-7104
e-mail   jgbronson@growerketcham.com
         waketcham@growerketcham.com
         gk@growerketcham.com
         rvazquez@growerketcham.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of February, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing to the following: John W. Dill, Esq., of Morgan & Morgan, P.A., Attorneys for Plaintiffs, P.O. Box 4079, Orlando, FL

32802-4979, and Frank T. Allen Esq., of The Allen Firm, P.A., co-counsel for

Plaintiffs, 605 E. Robinson St., Suite 130, Orlando, FL 32801.

s/ Jeanelle G. Bronson
JEANELLE G. BRONSON
Florida Bar No. 266337
WALTER A. KETCHAM, JR.
Florida Bar No. 156630
RAMON VAZQUEZ
Florida Bar No. 196274
Attorneys for Defendant, BRIAN
FIGUEROA
GROWER, KETCHAM, RUTHERFORD,
BRONSON, EIDE & TELAN, P.A.
P.O. Box 538065
Orlando, FL 32853-8065
Suite 450, 901 N. Lake Destiny Road
Maitland, FL 32751-4886
Phone: (407) 423-9545
Fax:   (407) 425-7104
e-mail   jgbronson@growerketcham.com
         waketcham@growerketcham.com
         gk@growerketcham.com
         rvazquez@growerketcham.com