# UNITED DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARIE BURKS, as Personal Representative**
**Of Rickey Mills, deceased and JACK MILLS**

    **Plaintiff,**

                      **CASE NO.: 6:08-CV-1568-ORL-28GJK**

**vs.**

**KEVIN BEARY, as Sheriff of the Orange County Sheriff's Office**
**DEPUTY SHERIFF CHESTER PARKER and**
**DEPUTY SHERIFF BRIAN FIGUEROA**

    **Defendants.**
_____/

## PLAINTIFF'S COMBINED RESPONSE IN OPPOSITION TO AND/OR MOTION TO STRIKE DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY

Plaintiff, MARIE BURKS, as Personal Representative of Ricky Mills, by and through her undersigned counsel and pursuant Local Rule 3.01, files this, Response in Opposition to and/or Motion to Strike Defendants' Motion for Leave to File a Reply Brief and states as follows:

1. That on December 7, 2009, without the Court requesting (as required by Local Rule 3.01(b) and without the Court granting Leave to do so, Defendants have filed a Reply with arguments (although misplaced and distorted in their logic or accuracy) to Plaintiffs' Responses in Opposition to Defendants' Motions for Summary Judgment.

2. That the purported Motion for Leave (DKT No.: 46) is improper as it is a Reply, with legal arguments and legal citations, to wit, it is a "legal brief or legal memorandum", under the guise of being A Motion for Leave to File Reply and it is in violation of Local Rule 3.01(b).

3. Although Defendants have the audacity to claim "Plaintiffs' responses contained inaccuracies and/or misrepresentations of facts and the law to cases which are taken out of context

1

which could ultimately be misleading to the Court without further elaboration by Defendants", it was Defendants who have excluded cases which were not favorable to their position which were easily discoverable; it was the Defendants who purposely failed to file deposition transcripts with facts which totally contradict their positions and raise disputes, and it was the Defendants who are misconstruing and misinterpreting the relevancy of the <u>Jackson</u> case in Plaintiff's Response in Opposition to Defendants' Motions for Summary Judgment; and it was the Defendants who cited to a plethora of cases which were totally inapposite in facts and circumstances to this case.

4. In fact, Plaintiff merely relied on the exhibits in <u>Jackson</u> and the fact that a jury determined that a particular deputy (remember that was a jury) did not use excessive force in that case, does not mean the evidence presented as to other claims is somehow "tainted" , "inadmissible" or "irrelevant".   Additionally, although one Judge may grant summary Judgment in favor of Beary in one case, does not mean another Judge will not deny Beary summary judgment in another case under different circumstances. To this end, in <u>Mercado</u> (which is cited in Plaintiff's Response), Judge Kendall Sharp initially denied summary judgment as to <u>Monell</u> claim against the City of Orlando. And, in that case, the number of cases used to prove a "pattern or practice" of excessive force or "a policy" was significantly less than those used in this case or used in <u>Jackson.</u>  Summary Judgment was later granted at the request of Counsel so that the matter could be immediately appealed, to which the 11th Circuit reversed the grant of summary judgment as to the excessive force claim against the Officer Padilla.

5. Moreover, in Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motions for Summary Judgment  (under the guise of being a Motion for Leave), Defendants cite to three cases, <u>Davis</u>, <u>Jackson</u> and <u>Webster</u>, where "it was ultimately held that excessive force was not

2

used"; yet, Defendants conveniently ignore the multitude of cases not resolved in the favor of Beary or deputies, or the cases which were "amicably" resolved prior to trial because excessive force was used. In fact, Defendants are asking this Court for "leave" to make additional arguments and are actually making additional arguments in which they should have raised when they initially filed their motions for summary judgment and attempting to advance additional arguments in this motion or after summary judgment motions were due by Defendants is improper and unfair. For instance, requesting to "address the number of arrests and citizen encounters annually for the OCSO which in 2005 employed approximately 1,285 deputies" as stated in paragraph 3 is totally improper and any such arguments should have been made during the summary judgment stage and are likewise waived.

      6.     Also, in Plaintiffs' response in Opposition to Defendants' Motions for Summary Judgment, Plaintiff never asserted "that Defendants relied on a case from another jurisdiction, i.e, *Bell v. Irwin*, 321 F.3d 637 (7th Cir. 2003)". Plaintiff specifically stated "Although the cases relied upon by Defendants in their Motion for Summary Judgment are distinguishable from this case, the facts of those cases actually supports Plaintiff's claims that the force use on him was excessive." Then Plaintiff cited *Bell v. Irwin*, 321 F.3d 637 (7th Cir. 2003) to give the Court a case which was instructive for the instant case. The cases Plaintiff was speaking to with that comment was *Kesinger v. Herrington,* 381 F.3d 1243 (2004), and the other similar cases where claimants in motor vehicles were attempting to run over the person alleged to have used excessive force and the claimant was actually threatening the person alleged to have used excessive force. Thus, "those cases are distinguishable from this case and actually support Plaintiff's claims that the force use on him was excessive" as argued by Plaintiff in the Motion. Defendants' argument to this point and every other

point in the "Motion for Leave" is wholly misplaced and disingenuous.

7. Likewise, Defendants either failed to read or took out of context the mentioning of an "independent citizen review board". For some odd reason, Defendants wrongly believe that they had to mention a "specific thing" in their motions in order for Plaintiff to mention another "specific thing". In the case of the Citizen Review Board, Plaintiff was pointing out the Sheriff's Office alleged review of citizens' complaints of excessive force was not objective or independent of the Sheriff's Office and that there was not "independent review board" either which investigates citizens' complaints. Again, if Defendants would have actually read the Response, or the cases cited to this point, they would have read the cases which specifically mention Citizen Review Boards or avenues of investigation independent of the agency. Also, as to the testimony of Porter and Gomez, this evidence can be used during the summary judgment, Plaintiffs cited to the supportive case law, and Plaintiff will be able to be reduced their testimony to admissible evidence at trial.

8. As to the arguments regarding the Wrongful Death Statute, Defendants waived the issue with respect to survivor as it was not raised that "Mills has no survivors" in the Answer, they know it, the Court can look at the Answer and Affirmative Defenses itself, and Defendants' argument to this regard is simply a red-herring with absolutely no legitimacy. Also, unlike Defendants, Plaintiff filed the deposition where the deponent made it clear "Ricky Mills could have been providing financial support to his maternal grandmother" and Defendants simply failed to prove otherwise and will be unable to prove other wise.

## **CONCLUSION**

Based on the forgoing, Plaintiff respectfully moves and requests this Court to deny Defendant's Motion for Leave to File a Reply to Plaintiff's Response in Opposition to Defendants'

Motions for Summary Judgment or alternatively to Strike Defendants' Motion for Leave as it violates Rule 3.01(b).

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 3.01 (g), as stated by Defense Counsel in Defendants' Motion for Leave To File Reply, a good faith effort to agree or resolve the issues raised herein was attempted by the parties and the parties were unable to reach an agreement.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 7th day of December 2009, I electronically filed the foregoing, with the Clerk of the Court, by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

S/ Frank T. Allen
FRANK T. ALLEN, ESQUIRE
Florida Bar No.: 0033464
**THE ALLEN FIRM, P.A.,**
605 E. Robinson Street
Suite 130
Orlando, FL 32801
Telephone: 407/481-8103
Telecopier: 407/481-0009
