UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIE BURKS, as Personal
Representative of RICKY MILLS,
deceased, and JACK MILLS,

            Plaintiffs,            CASE NO.: 6:08-CV-1568-ORL-28GJK

vs.

KEVIN BEARY, as SHERIFF OF
ORANGE COUNTY, FLORIDA, DEPUTY
SHERIFF CHESTER PARKER and
DEPUTY SHERIFF BRIAN FIGUEROA,

            Defendants.

_____/

## DEFENDANTS' KEVIN BEARY, CHESTER PARKER AND BRIAN FIGUEROA, MOTION IN LIMINE

**COME NOW** Defendants, KEVIN BEARY, as Sheriff of Orange County, Florida, Deputy Sheriff CHESTER PARKER, and Deputy Sheriff BRIAN FIGUEROA, by and through their undersigned counsel and pursuant to the Federal Rules of Civil Procedure, Federal Rules of Evidence, and this court's Case Management and Scheduling Order, and hereby move this Honorable Court to enter an order prior to the trial of this cause, prohibiting any comment, testimony or other evidence from being introduced at trial by any parties, witnesses or counsel pertaining to or relating to the following:

    **1.**    **Any testimony, document references or other tangible evidence pertaining to any unproven alleged complaints against Orange County Deputy Sheriffs for the alleged use of excessive force as well as any alleged policy or custom by the Orange County Sheriff's Office of allowing such use of excessive force.**

On January 23, 2009 Plaintiff filed her initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. Pursuant to this Honorable Court's Case Management and Scheduling Order the discovery deadline was August 31, 2009. On September 30, 2009 Defendant, Kevin Beary (hereinafter referred to as "Beary"), filed his Motion for Summary Judgment (Doc. #35) and Defendants, Deputy Sheriff Chester Parker (hereinafter referred to as "Parker") and Deputy Sheriff Brian Figueroa (hereinafter referred to as "Figueroa") also filed their Motion for Summary Judgment (Doc. #38). On November 30, 2009 Plaintiff filed a response in opposition to Beary's Motion for Summary Judgment (Doc. #43), as well as a response in opposition to Defendants Parker and Figueroa's Motion for Summary Judgment (Doc. #44). On December 1, 2009 Plaintiff filed a notice of filing and refiling documents in support of Plaintiff's responses and oppositions to the Defendants' motions for summary judgment. (Doc. #45). Plaintiff's notice purported to file a legation [sic] report and also referred to previous filings in an unrelated and closed case.[1] The notice attached a list of alleged complaints against some Orange County deputies – Parker and Figueroa were not listed - and also referred to the hearsay documentation filed in <u>Jackson</u>.

At no time prior to December 1, 2009 did Plaintiff disclose in the instant case any of the alleged complaints against Orange County deputies that he now is trying to utilize in an attempt to allegedly prove a policy or custom by the Sheriff's Office of allowing the use of excessive force. It is well settled in the Eleventh Circuit that the mere filing of complaints

---

[1] The case is <u>Jackson v. Beary</u>, Case Number 6:03-cv-881-ACC-KRS. Another alleged excessive use of force case where one of Plaintiff's attorneys in the present case, Frank Allen, also represented the Plaintiffs. Sheriff Beary obtained summary judgment in <u>Jackson</u> and the defendant deputy obtained a defense verdict. Hence, there was no excessive force involved. <u>See</u> Doc. #46-2 in the instant case.

against a governmental entity alleging excessive force bears no relationship to the merit or lack of merit of such allegations of excessive force. See Brooks v. Scheib, 813 F.2d 1191, 1195 (11th Cir. 1987) (even though there had been ten citizen complaints about Officer Scheib, the City did not have any notice of past conduct because the Plaintiff never demonstrated that past complaints of misconduct had any merit). Significantly, none of the alleged complaints that Plaintiff refers to involve the alleged use of excessive force by Defendants Parker or Figueroa. Moreover, Plaintiff cannot establish a policy or custom based on this irrelevant and inadmissible hearsay, especially when the mere filing of a complaint is of no consequence of liability under 42 U.S.C. §1983 if the Plaintiff cannot demonstrate that said complaints had any merit. Moreover, even evidence of a few random acts or isolated incidents is insufficient to establish a custom or policy of the governmental entity, instead, the Plaintiff must present evidence of a persistent and wide-spread practice. Hackett v. Fulton County School District, 238 F.Supp. 2d 1330, 1363 (N.D. Ga. 2002), *citing DePew v. City of St. Mary's, 787 F.2d 1496 (11th Cir. 1986).*

Said documentation is inadmissible hearsay. See Rules 801 and 802 Fed.R.Evid. It is being offered as proof of the matter asserted, to wit: whether or not there was a custom of the Sheriff's Office to allow the use of excessive force. It is reiterated that the mere filing of a complaint does not prove that there was, in fact, use of excessive force by a deputy. It is also submitted that pursuant to Rule 403, Fed.R.Evid. any probative value of the mere filing of complaints is far outweighed by the danger of unfair prejudice to the Defendants. See Allstate Insurance Company v. James, 845 F.2d 315, 320 (11th Cir. 1988) (under Rule 403

3

Fed.R.Evid., the trial court may exclude evidence if, in its discretion it determines that the probative value of the proffered information is substantially outweighed by the prejudice it will incite).  Plaintiff should not be allowed to present this untimely disclosed and hearsay documentation.

**2.      Any testimony, documents, reference or tangible evidence pertaining to any statements by David Porter or Luis Gomez.**

In Plaintiff's response to Defendants' respective motions for summary judgment the Plaintiff spent significant time discussing the contention that she will be able to have admitted into evidence testimony from David Porter, a reporter, and Luis Gomez.  At no time prior to the discovery deadline did Plaintiff properly disclose Mr. Porter and/or Mr. Gomez as witnesses.  It is not until December 1, 2009 that Plaintiff for the first time, in her Response in Opposition to Defendants' respective Motions for Summary Judgment, addresses that Mr. Porter and Mr. Gomez will have some testimony to offer as a result of meetings held in the past by the Orange County Citizens' Review Board (CRB).[2]

Plaintiff never supplemented her Rule 26 disclosures to add Mr. Porter and/or Mr. Gomez as witnesses and Defendants therefore, did not have an opportunity to depose them. Pursuant to Rule 37(c)(1) Fed.R.Civ.P. a party that without substantial justification fails to disclose information required by Rule 26(a) or Rule 26(b)(1) or to amend prior to responding to discovery as required by Rule 26(e), is not, unless such failure is harmless, permitted to

---

[2] Pursuant to <u>Demings v. Orange County Citizens Review Bd.,</u> 15 So.3d 604, 611 (Fla. 5th DCA 2009), the basic structure or composition of the CRB is constitutionally infirm.

4

use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  At no time did Plaintiff disclose Mr. Porter and Mr. Gomez as witnesses.

Upon information and belief Defendants understand that Mr. Porter is a reporter with the *Orlando Sentinel* newspaper who has no specialized law enforcement training or experience and has never been employed by the Orange County Sheriff's Office.  Any knowledge which Mr. Porter may have regarding this case or any policies, procedures or custom of the Orange County Sheriff's Office would be based on statements from third-parties, which constitute inadmissible hearsay in violation of Rule 802 Fed.R.Evid.  Additionally, Mr. Porter is not an expert witness[3] and is not competent to testify or provide opinions with respect to the appropriateness or lawfulness of any instance of using force by Defendants Parker and Figueroa or any other Orange County Deputy Sheriff and any such testimony would be a violation of Rules 602 and 701 of the Fed.R.Evid.  In fact, Mr. Porter has written many articles and editorials in the *Orlando Sentinel* newspaper criticizing the Orange County Sheriff's Office as well as other governmental agencies.  His testimony is obviously designed to invoke biased feelings about the Orange County Sheriff's Office, however, such hearsay testimony has no probative value.  He has no personal knowledge of the facts or merits of any excessive force complaints or any expertise of analyzing the merits of such complaints.  Therefore, any testimony or evidence from Mr. Porter would be irrelevant, immaterial, confusing and misleading to a jury and would be unduly prejudicial and lacking probative value in violation of Rules 401, 402, 403 and 802 of the Fed.R.Evid.

---

[3] In fact Plaintiffs did not disclose any expert witness.

The same is true with regard to Mr. Luis Gomez who has no personal knowledge regarding any of the issues in the instant case.  Upon information and belief Defendants believe that Plaintiff would intend to call Mr. Gomez as a witness to testify about his service on the Citizen's Review Board (CRB), which it is reiterated has a structure that is constitutionally infirm.  <u>Demings</u>, 15 So.3d at 611.  Mr. Gomez is a local attorney, however his role as a past member of the CRB would have been to review the Professional Standards Investigation Reports prepared by the Orange County Sheriff's Office Professional Standards division and to listen to statements and ask questions of individuals who may have appeared before the CRB.  Any alleged knowledge which Mr. Gomez may have regarding this case or any policies, procedures or customs of the Orange County Sheriff's Office would be based on statements from third parties which is reiterated, constitutes inadmissible hearsay and would serve no probative value with respect to the issues in this case but rather, would be irrelevant, immaterial, confusing and misleading to a jury and would be unduly prejudicial and lacking probative value in violation of Rules 401, 402, 403 and 802 of the Fed.R.Evid. Hence, it is respectfully submitted that Mr. Porter and Mr. Gomez should not be allowed to testify nor should any reference to their purported "knowledge" be allowed during trial.

**3.      Any testimony, documents, references or tangible evidence pertaining to any alleged survivors of Ricky Mills.**

The Plaintiff in Count IV purports to allege a negligence wrongful death claim against Sheriff Beary for:  allegedly negligently failing to use reasonable care in screening and hiring personnel; allegedly negligently failing to provide proper and adequate training of deputies with regard to use of taser guns and the appropriate use of force; allegedly negligently failing to provide adequate supervision and discipline of deputies regarding use

of tasers and deadly force; allegedly negligently failing to establish and enforce policies and procedures with respect to the proper use of tasers and deadly force; and negligently failing to use reasonable care in the use of a firearm in the instant action.

Plaintiff also has claims against Deputies Parker and Figueroa (Counts V and VI of the Complaint) under the Florida Wrongful Death Act.

The Florida Wrongful Death Act limits recovery to statutory survivors who are defined as "the decedent's spouse, children, parents, and, when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters." Thompson v. State Farm Mutual Auto. Ins. Co., 670 So. 2d 1070, 1071 (Fla. 3rd DCA 1996) *rehearing denied April 17, 1996.* See also Fla. Stat. §768.18(1). A determination of financial dependency is a prerequisite for any adult, non-parent blood relative wishing to bring a wrongful death action in Florida. Thompson, 670 So. 2d at 1071 *citing* Cinghina v. Racik, 647 So. 2d 289, 290 (Fla. 4th DCA 1994). When adults claim such dependence, there must be an actual inability to support themselves, and an actual dependence upon someone else for support, coupled with a reasonable expectation of support, or with some reasonable claim to support, from the deceased. Cinghina, 647 So. 2d at 290. The state of dependency is determined by the circumstances existing at the time of death. Id.

Defendants conducted discovery which showed that Ricky Mills had no "survivors" as established under Florida law.[4]  In paragraph 4 of the Answers to Interrogatories submitted by Plaintiff, Marie Burks, she states that Ricky Mills' parents are deceased and that he is survived by three adult brothers, Antonio Pace, Jonathan Pace and Allan Pace.  Antonio Pace and Jonathan Pace testified in deposition that they were not dependent upon Ricky Mills for support and that Allan Pace was in prison and had been in prison for a substantial period of time.  (Depo. Antonio Pace, pg. 15; Depo. Jonathan Pace, pg. 14).  Marie Burks also testified in deposition that at the time of his death, there was no one dependent upon Ricky Mills for support.  (Depo. Marie Burks, pg. 8).  Defendant respectfully requests that Plaintiffs be precluded from presenting any evidence that Ricky Mills left "survivors" as defined by the Florida Wrongful Death Act and that Count IV of the Complaint fails as a matter of law.

It is also requested that Ms. Ora Mills (Ricky Mills' grandmother) be precluded from testifying.  Defendants' counsel was going to depose Ms. Ora Mills and Plaintiff's counsel requested through a letter dated August 21, 2009 that the deposition be cancelled because this person was unable to recall any events because she has Alzheimer's disease.  Therefore, the deposition was canceled.  It is submitted that she should not be allowed to testify in the instant case.

---

[4] Defendants anticipate that Plaintiffs will allege that this issue constitutes an affirmative defense that should have been pled in Defendants' Answer to Complaint.  Such position is disingenuous since Defendants could have not known whether or not the decedent left survivors without conducting discovery.  Additionally, it is not one of the affirmative defenses addressed in Rule 8(c) Fed.R.Civ.P. and in the Eleventh Circuit liberal pleading rules allow a court to determine whether a plaintiff has notice of an implied affirmative defense and whether the plaintiff can legitimately claim surprise and prejudice from a failure to plead the defense affirmatively. Mitchell v. Jefferson County School Board, 936 F.2d 539, 544 (11th Cir. 1991); see also Grant v. Preferred Research, Inc., 885 F.2d 795, 797-98 (11th Cir. 1989) (Defense was not waived when it was raised on a motion for summary judgment filed one month before trial).

**4.      Any testimony, documented references or tangible evidence pertaining to any alleged claims by Jack Mills.[5]**

In Count VII Jack Mills purports to allege a state law negligence claim against Sheriff Beary for allegedly being shot in the foot.  Jack Mills was added as a Plaintiff on February 2, 2009 in the Amended Complaint.  (Doc. #19).

The Florida Legislature has waived sovereign immunity for the State of Florida and its agencies and subdivisions as to negligence claims.  However, before bringing a claim against a governmental entity the claimant must provide at least six months' notice to the appropriate agency of the individual's claim.  Fla.Stat. §768.28(6)(a).  As part of the notice requirement, the Florida Legislature has imposed the requirement that the claimant provide written notice to the entity of the claim within three (3) years after the accrual of such claim. Id.

Section 768.28(6)(a), specifically provides in pertinent part: "an action may not be instituted on a claim against the state or one of its agencies or subdivisions, unless the claimant presents the claim in writing to the appropriate agency … within three (3) years after such claim accrues."  Paragraph (b) of subsection (6) of § 768.28 provides that this notice requirement is a condition precedent to maintaining an action against the state or its agencies for any tort.  Plaintiff makes conclusory allegations that he has complied with said condition precedent.  Defendant denied this allegation in his answer.  Defendant served on Jack Mills a request to produce any statutory notice provided by Plaintiff and in response,

---

[5] Plaintiffs have conceded that Jack Mills failed to comply with §768.28 Florida Statutory Notice requirements. See Doc. #43, n. 3.  However, to this date Jack Mills has not voluntarily dismissed his purported claims.

Plaintiff enclosed a copy of a purported notice which is a March 20, 2007 letter from Plaintiff's counsel which list Jack Mills as a "Consortium Claimant" with regard to the incident where Ricky Mills was shot and killed by Deputies Parker and Figueroa.  A copy of the Request to Produce and Jack Mills' response are attached as Exhibit "A" to this motion.

It is established jurisprudence in Florida, that legislative waivers of sovereign immunity must be strictly construed.  <u>Metropolitan Dade County v. Reyes</u>, 688 So.2d 311, 313 (Fla. 1996) *rehearing denied Feb. 20, 1997*.  The plain language of § 768.28(6)(a) clearly indicates that each claimant must give the proper notice.  <u>Id</u>.  The purpose of the notice requirement is to give the appropriate public bodies an opportunity to investigate all claims.  <u>Id</u>.  There are valid investigatory reasons for requiring that notice be given of all claims against the state or one of its agencies or subdivisions.  <u>Id</u>.  Listing Jack Mills as a "Consortium Claimant" in connection with the shooting death of Ricky Mills is not proper notice as it in no way provides notice of any claim by Jack Mills that he was shot in the foot by Orange County deputies.  The implication in the March 20, 2007 letter is that Jack Mills somehow had a consortium claim as a relative of Ricky Mills.  A consortium claim is clearly a derivative claim.  However, on February 2, 2009 in the Amended Complaint, Jack Mills now purports to bring his own independent personal injury claim without first providing the statutory notice for his claim.  As in <u>Reyes</u>, the Orange County Sheriff has been denied the opportunity to properly investigate Jack Mills' claim since the only notice given to the Sheriff was that Jack Mills was a "Consortium Claimant".  There was never a mention of Jack Mills being shot in the foot.  The incident which is the subject of this lawsuit occurred on June 14, 2005.  Jack Mills' claim was not brought to the Sheriff's attention until February

2, 2009, almost four (4) years after the accrual of the alleged claim. Where the time for the statutory presuit notice has expired and it is apparent that the Plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice. Wagatha v. City of Satellite Beach, 865 So.2d 620, 622 (Fla. 5th DCA 2004), *rehearing denied February 18, 2004*.

Therefore, Jack Mills should be precluded from presenting any claims against Defendants.

**5.      Any reference to the Defendant's racial or ethnic prejudice or bias or suggestion of race or ethnicity.**

Although Plaintiff has not alleged in the Amended Complaint anything regarding race or ethnicity as an issue, it could be insinuated during the trial proceedings that race or ethnicity had some effect or was a factor in this case.  There is absolutely no factual basis in the record before this Court that race or ethnicity played a role in the incident, which is the subject of this litigation.   Any arguments which appeal to racial, ethnic or religious prejudices are inappropriate in a court of law.   There is no basis whatsoever for the introduction of such collateral, immaterial and intrinsically inflammatory testimony. U.S. v. Blankenship, 382 F.3d 1110, 1127 (11th Cir. 2004).  It is well settled that racism has no place in our system of justice.  Wallace v. State, 768 So. 2d 1247, 1250 (Fla. 1st DCA 2000).  It is improper to interject a racial or ethnic reference that is not relevant to an issue in the case. Id.  An appeal to racial or ethnic bias is particularly reprehensible and our system of justice cannot tolerate an attempt to exploit these feelings of racial prejudice to the extent that they may exist among those who serve on juries.  Id.

In the case at bar there is no indication that the facts of this case originated because of the plaintiff's, or any other person's, race or ethnicity.   Therefore, any references or testimony regarding race or ethnicity should not be allowed as same would be irrelevant, unfair and unduly prejudicial.

## CERTIFICATE OF COUNSEL

Pursuant to local Rule 3.01(g), Defendant's counsel hereby certifies that a good faith effort to agree, narrow or resolve the issues raised in this motion has been attempted with Plaintiff's counsel by e-mailing a draft of this motion to Plaintiff's counsel on March 5, 2010 and by following up by telephone on March 8, 2010.   Plaintiff's counsel, Frank Allen, Esquire, requested that the issues in this motion be addressed with his co-counsel, John Dill, Esquire.   However, Mr. Dill was not available to discuss the issues in this motion with Defendant's counsel.   Undersigned counsel will amend this certificate once he has had an opportunity to discuss these issues with Plaintiff's counsel.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 8th day of March, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing to the following: John W. Dill, Esq., of Morgan & Morgan, P.A., Attorneys for Plaintiff, P.O. Box 4079, Orlando, FL   32802-4979, Frank T. Allen, Esq., of The Allen Firm, P.A., co-counsel for Plaintiff, 605 E. Robinson St., Suite 130, Orlando, FL 32801; Thomas J. Pilacek, Esq., Thomas J. Pilacek & Associates, Attorneys for Defendant

Chester Parker, Red Willow Plaza, 5844 Red Bug Lake Road, Winter Springs, FL  32708.

<div style="margin-left:40%">

s/ Ramon Vazquez
Jeanelle G. Bronson, Esquire
Florida Bar No: 266337
Walter A. Ketcham, Jr., Esquire
Florida Bar No.: 156630
Ramon Vazquez, Esquire
Florida Bar No. 196274
Counsel for Defendants
GROWER, KETCHAM, RUTHERFORD,
BRONSON, EIDE & TELAN, P.A.
PO Box 538065
Orlando, FL 32853-8065
Phone: (407) 423-9545; Fax: (407) 425-7104
E-Mail:  waketcham@growerketcham.com
         jgbronson@growerketcham.com
         rvazquez@growerketcham.com

</div>