UNITED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIE BURKS, as Personal Representative
Of Rickey Mills, deceased and JACK MILLS

    Plaintiff,

CASE NO.: 6:08-CV-1568-ORL-28GJK

vs.

KEVIN BEARY, as Sheriff of the Orange County Sheriff's Office
DEPUTY SHERIFF CHESTER PARKER and
DEPUTY SHERIFF BRIAN FIGUEROA

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION AND MEMORANDUM OF LAW IN SUPPORT TO THE DEFENDANTS' MOTION IN LIMINE**

Plaintiff, MARIE BURKS, as Personal Representative of Ricky Mills, deceased and JACK MILLS, by and through her undersigned counsel, files this, her Response in Opposition to the Defendants' Motion in Limine and states as follows:

    1.    **Testimony Regarding Other Complaint of Excessive Force and Misconduct**

At the outset, Defendants' arguments to preclude evidence of "other complaints of excessive force and police misconduct" and Defendant, BEARY'S, responses thereto are disingenuous, premature, wholly without merit and another attempt to circumvent this Court's previous ruling denying Defendants leave to file a Reply to Plaintiff's Response in Opposition to Defendants' Motions for Summary Judgment as well as a attempt to circumvent Local Rule 3.01(b) in that it is simply a Reply to Plaintiff's Response in Opposition to Defendants' Motions for Summary Judgment.

The attempt to exclude evidence of other complaints of excessive force and BEARY'S

responses thereto is premature. To this end, if the Court rules in Beary's favor with respect to Plaintiff's Monell claim, then, these "other complaints of excessive force" and Beary's responses thereto are irrelevant. However, this evidence should not be excluded until, or unless, the Court makes such a ruling in Beary's favor.

If the Court denies Beary's Motion for Summary Judgment as to Plaintiff's Monell claim, then this evidence is not only admissible, but is required in order for Plaintiff to prove her Monell claim. Based on Defendants' logic, Defendants would have the Court to exclude the very type of evidence the Federal Courts have ruled is required and necessary to prove a Monell claim. *Monell v. Dept. of Social Servs.,* 436 U.S. 658, 691 (1978); *Brown v. City of Ft. Lauderdale,* 923 F.2d 1474 (11th Cir. 1991); *Fiacco v. City of Rensselear,* 783 F.2d 319, 328 (2nd Cir. 1986); *Depew v. City of St. Mary's, Ga., & Fowler*, 787 F.2d 1496 (11th Cir.1986); *Owens v. City of Ft. Lauderdale,* 174 F.Supp.2d 1282, 1293-1294 (S.D. Fla.2001); *See Herrera v. Valentine*, 653 F.2d 1220, 1224 (8th Cir.1981); *Torres v. Kuzniasz,* 936 F. Supp. 1201, 1211 (D.N.J.1996)("supervisory opinions and responses to civilian complaints are highly relevant to proving 1983 municipality claim based upon entity's alleged failure to respond adequately to complaints of police misconduct"); *Board of County Comm'rs v. Brown,* 520 U.S. 397, 404, 407-08 (1997); *Grandstaff v. City of Borger,* 767 F.2d 161 (5th Cir.1985); *Carter v. District of Columbia*, 795 F.2d 116 (D.C.Cir.1986); *Bordanaro v. McLeod,* 871 F.2d 1151 (1St. Cir.1989); *See Larez v. City of L.A.,* 946 F.2d 630 (9th Cir.1991)(Evidence that police department procedures for investigating citizen complaints of excessive use of force by police officers almost never resulted in discipline and that there was a policy and custom of excessive force sufficient to find supervisory and municipal liability).

Moreover, Defendants' argument that Defense Counsel did not know Plaintiff would attempt to utilize these complaints fails to pass the "red face test" and is patently disingenuous. In fact, during the summary judgment phase of this case, Plaintiff's Counsel sent Defense Counsel a letter threatening to file a Motion to Compel these very complaints because Defense Counsel fail to produce these documents in response to Plaintiff's Requests to Produce. Defense Counsel agreed to produce these complaints, yet did not produce them. Thus, Plaintiff's Counsel was forced to retrieve these documents from the Court file from a previous case, and by rummaging through a previous case file against BEARY. Thus, not only was Defense Counsel aware of the pending use of these documents but also, Defense Counsel produce these very documents in another case, and therefore, Defense Counsel and Defendants are and were already in possession and control of these documents; and the argument "Defendants were unaware Plaintiff would utilize these complaints" is untrue.

According to Defense Counsel, which is the same attitude as BEARY, citizens complaining of excessive force and police misconduct are "merely filing complaints" and none of the complaints have any legitimacy, since BEARY always exonerates the deputies. First, these are not merely a few complaints; they are hundreds of complaints (some of the complaints were resolved through settlement). Secondly, the fact BEARY always rules in favor of his deputies is not determinative of the legitimacy of the complaints, but speaks to whether citizens grievances are taken seriously and whether deputies are ever disciplined for excessive force. See *Larez v. City of L.A.,* 946 F.2d 630 (9th Cir.1991)(Evidence that police department procedures for investigating citizen complaints of excessive use of force by police officers almost never resulted in discipline is evidence there was a policy and custom of excessive force sufficient to find supervisory and municipal liability). Thirdly, these documents and Defendant, BEARY'S, responses are not hearsay but are admissible as non-

hearsay under FRE 801 (d)(2) and are excepted by the hearsay rule under FRE 803 (6) and (8). Fourth, these documents and records and the conduct relative thereto are admissible under FRE 404(b) to prove "knowledge, absence of mistake, opportunity, etc.," with respect to the investigation of these complaints, the response to these complaints, the knowledge of the constant use of excessive force against and citizens, to wit, whether there existed a wide-spread, longstanding custom or policy of excessive force at the Sheriff's Office of excessive force against citizens.

2. **Testimony of David Porter and Luis Gomez**

Apparently, Defense Counsel has had so many different lawyers, paralegals, legal assistants, or staff working on this case that Defense Counsel has either misplaced, lost, or was not provided the supplemental disclosure forwarded naming Porter and Gomez in November of 2009. Thus, Defendants argument with respect to FRCP 37(c) (1) and 26 is without merit.1

Furthermore, Porter and Gomez are not being called as expert witnesses under FRE 702 but instead are being called with respect to and to rebut or refute BEARY'S contention that the complaints of excessive force were being properly, thoroughly investigated and taken seriously. Porter and Gomez will merely testify about their personal observation of Orange County Sheriff Office at Citizen Review Board (CRB) hearings in accordance with FRE 601 and 602, and the manner in which these complaints were customarily summarily dismissed and disregarded during the time period relative to the shooting death of Ricky Mills.

Of equal importance, Defense Counsel's reliance on <u>Demings v. Orange County Citizens Review Bd.</u>, 15 So.3d 604, 611 (5th DCA 2009), actually support Plaintiff's position with respect to whether the Sheriff's Office takes citizens' complaints seriously, or whether the complaints are

---

1 In fact, if Defense Counsel would have actually conferred with opposing

properly and thoroughly investigated by the Sheriff's Office. In <u>Demings</u>, the OCSO actually fought to have the CRB's authority to investigate citizens' complaints and to subpoena deputies declared unconstitutional and an abuse of power, notwithstanding the fact that the citizens of Orange County voted to grant this authority to the CRB in light of the fact the deputies were always exonerated by the OCSO. Thus, against the will of voters of Orange County, the OCSO fought successfully to have the authority of the CRB revoked as the OCSO did not like the fact that the CRB disagreed with the Sheriff's Office's findings with respect to excessive force on multiple occasions.

Finally, as to any alleged "prejudice or bias" by Mr. Porter or Mr. Gomez, this goes to the weight of their testimony, not the admissibility. This is the purpose of cross examination and is not a basis to preclude them from testifying although Plaintiff Counsel disagrees with this broad and blanket assertions that they are inherently prejudiced or biased against the OCSO simply because they have questioned the actions of the OCSO and deputies accused of excessive force.

    3.    **Evidence pertaining to survivors of Ricky Mills**

Again, Defense Counsel is attempting re-argue Defendants' Motion for Summary Judgment and circumvent the Court's previous ruling denying Defendants' Motion to File A Reply Motion to Plaintiff's Motion in Opposition. As argued by Plaintiff in her Motion in Opposition, Defendants failed to raise this as an affirmative defense as required and Plaintiff cited substantial and adequate case law to this point in her motion. Additionally, there is no evidence, or lack of evidence that Ricky Mills was not providing some support to his grandmother Ms. Ora Mills as he lived with her consistently, on and off, prior to his death. Also, Plaintiff Counsel informed Defense Counsel that Ms. Ora Mills was unable to recall events regarding the shooting death of Ricky Mills as she was not

---

```
counsel in accordance with Local Rule 3.01(g), the undersigned would have
```

there and had no personal knowledge of the event, not that she could not testify or recall if he provided her some financial support. Defense Counsel's attempt to use this as basis to argue Ricky Mills had no survivors is both shameful and misleading.

More importantly, the depositions of all the parties were taken well in advance of Defendants filing their motions for summary judgment. There was ample time for Defendants to seek to file an Amended Pleading (with the proper affirmative defenses) prior to filing Defendants' Motion for Summary Judgment and they failed to do so. Thus, despite Defense Counsel's assertion to the contrary, discovery had been conducted, Defense Counsel simply failed to properly inquire into Ricky Mill's relationship with his grandmother, and now they want to exclude her as a possible survivor because of their neglect.2

4.   **Evidence of Claims of Jack Mills**

As to this argument, obviously if Jack Mills has no claim when this trial begins, then there will be no testimony from Plaintiff regarding any such claim(s). Likewise, Defense Counsel should not be permitted to cross examine or discuss any claim(s) Jack Mills had, or may have had and any "alleged" inconsistencies regarding the legitimacy of those claims. Defense Counsel can not have their cake and eat it to. If they do not want any evidence regarding Jack Mills's claims then there should be no mentioning, or attempts to impeach Jack Mills regarding the validity or statements he made regarding those claims.

However, the mechanism of Jack Mills' injury, or claim that he was shot in his foot during this incident should not be excluded as it relates directly to the mechanics of the shooting, where he

---

informed them of this.
2 Defendants' reliance on <u>Mitchell v. Jefferson County School Bd.,</u> 936 F,2d 539, 544 (11th Cir. 1991) and <u>Grant v. Preferred Research, Inc,</u> 885 F.2d 795, 797-98 (11th Cir. 1989) is misplaced and inapplicable to the facts of this

Case 6:08-cv-01568-JA-GJK   Document 54   Filed 04/06/10   Page 7 of 8 PageID 850

was, where Ricky Mills was, what he observed, what he heard and what was transpiring at the time Ricky Mills was shot in the back. Thus, Plaintiff's Counsel agrees that Jack Mills claims of recovery from the Defendants from being shot in the foot should not be mentioned; however Plaintiff's Counsel disagrees with Defense Counsel if the purpose of this argument/motion is to preclude the fact that Jack Mills was on his back, with his legs extended, and was shot in the foot (as he contends) by Parker or Figueroa during the shooting.

   5.   **Evidence of Racial Prejudice or Ethnicity**

Plaintiff's Counsel is baffled and somewhat offended by this argument. To this end, neither Plaintiff nor Plaintiff's Counsel have EVER suggested, mentioned, intimated, or stated explicitly or implicitly that Ricky Mills' race or ethnicity had/has anything to do with this case, or with the shooting death of Ricky Mills. It is well settled that prior to making an argument in a motion with respect to a specific issue there should be at least some basis for that argument. With respect to this issue of racial or ethnic prejudice, there is absolutely none.

## CONCLUSION

Based on the forgoing, Plaintiff respectfully moves and requests this Court to deny Defendants' Motion in Limine.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 5th day of April 2010 I electronically filed the foregoing, with the Clerk of the Court, by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

S/ Frank T. Allen

case.

FRANK T. ALLEN, ESQUIRE
Florida Bar No.: 0033464
**THE ALLEN FIRM, P.A.,**
605 E. Robinson Street
Suite 130
Orlando, FL 32801
Telephone: 407/481-8103
Telecopier: 407/481-0009