UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIE BURKS, as Personal
Representative of RICKY MILLS,
deceased, and JACK MILLS,

       Plaintiffs,        CASE NO.: 6:08-CV-1568-ORL-28GJK

vs.

KEVIN BEARY, as SHERIFF OF
ORANGE COUNTY, FLORIDA, DEPUTY
SHERIFF CHESTER PARKER and
DEPUTY SHERIFF BRIAN FIGUEROA,

       Defendants.
_____/

# DEFENDANTS' PROPOSED JURY INSTRUCTIONS[1]

## PROPOSED INSTRUCTION NO. 1

### Preliminary Instructions Before Trial

Ladies and Gentlemen:

    You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

    I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

---

[1] The parties have been unable to agree as to how to frame a jury instruction regarding "excessive force" under 42. U.S.C. section 1983.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available.** You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available.** On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

\* \* \* \* \*

**Notetaking - Permitted.** If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in note taking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places - - things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

**Notetaking - Not Permitted.** A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.

The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like. It is requested, however, that Jurors not take notes during the trial. One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in note taking and may not wish to do so.

\* \* \* \*

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented,

you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

[In addition, you must not visit the scene of the events involved in this case unless I later instruct you to do so.]

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff

finishes (by announcing "rest"), the Defendant[s] will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

    Authority:    Pattern Jury Instructions, Civil Cases, United States
                          Eleventh Circuit (2005), Preliminary Instructions Before Trial

Given                     _____
Given as Modified      _____
Denied                   _____
Withdrawn            _____

# **PROPOSED INSTRUCTION NO. 2**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

Authority:   Basic Instruction 1 Pattern Jury Instructions, Civil Cases, 11th Circuit Court of Appeals.

Given               _____
Given as Modified   _____
Denied              _____

## PROPOSED INSTRUCTION NO. 3

### Burden of Proof

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of his contention by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true.

Where more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

Authority:   Basic Instruction 6.2 Pattern Jury Instructions, 11th Circuit Court of Appeals

Given                              _____
Given as Modified          _____
Denied                            _____
Withdrawn                     _____

# PROPOSED INSTRUCTION NO. 4

## Consideration Of The Evidence
## Duty To Follow Instructions

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye-witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Authority:   Basic Instruction 2.1 Pattern Jury Instructions, Civil Cases, 11th Circuit Court of Appeals.

Given                       _____
Given as Modified           _____
Denied                      _____
Withdrawn                   _____

## **PROPOSED INSTRUCTION NO. 5**

### **Credibility Of Witnesses**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Authority:   Basic Instruction 3 Pattern Jury Instructions, Civil Cases, 11th Circuit Court of Appeals.

Given             _____
Given as Modified _____
Denied            _____
Withdrawn         _____

## PROPOSED INSTRUCTION NO. 6

### Impeachment Of Witnesses

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Authority:   Basic Instruction 4.2 Pattern Jury Instructions, Civil Cases, 11th Circuit Court of Appeals.

Given                           _____
Given as Modified      _____
Denied                         _____
Withdrawn                  _____

# PROPOSED INSTRUCTION NO. 8

## Duty to Deliberate
## When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

If is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority:    Basic Instruction 7.1 Pattern Jury instructions, Civil Cases, 11th Circuit Court of Appeals.

Given                         _____
Given as Modified     _____
Denied                       _____
Withdrawn                _____

11

## **PROPOSED INSTRUCTION NO. 9**

### **Election of Foreperson**
### **Explanation of Verdict Form(s)**

When you go to the jury room you should firs select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Marshall who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Authority:   Basic Instruction 8 Pattern Jury Instructions, Civil Cases, 11th Circuit Court of Appeals.

Given                         _____
Given as Modified   _____
Denied                       _____
Withdrawn                _____

## **PROPOSED JURY INSTRUCTION NO. 10**

### **Attorneys' Fees and Court Costs**

If you find for the Plaintiff, you must not take into account any consideration of attorneys' fees or court costs in deciding the amount of Plaintiff's damages [the matter of attorneys' fees and court costs will be decided by the Court].

Authority:   Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit Pattern Jury Instructions (2000), Supplemental Damages Instructions, 6.1 (modified)

Given             _____
Given as Modified _____
Denied            _____
Withdrawn         _____